## Silver Unemployment Compensation Case.

Argued March 22, 1950. Before RHODES, P. J., HIRT, RENO, ROSS and ARNOLD, JJ. (DITHRICH, J., absent).

*Sydney Finkelstein*, with him *Herbert S. Levin*, for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *Richard H. Wagner*, Associate Counsel and *T. McKeen Chidsey*, Attorney General, for appellee.

OPINION BY ARNOLD, J., July 20, 1950:

In this unemployment compensation case the bureau, the referee and the board of review found that the claimant was not entitled to compensation, and he appealed to this Court.

The burden was on the claimant, and where the finding is against the party having the burden of proof, the only question before this Court is whether the findings are consistent with each other and with the board's conclusions of law and its order, and can be sustained without a capricious disbelief of competent evidence: *Tronieri Unemployment Compensation Case,* 164 Pa. Superior Ct. 435, 436, 65 A. 2d 426; *Kostello v. Kostello,* 159 Pa. Superior Ct. 194, 196, 48 A. 2d 25 (a workmen's compensation case).

"Capricious disbelief is not merely disbelieving a witness. To constitute capricious disbelief there must be a wilful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. To charge a judge with capricious disbelief, it must be so flagrant as to be repugnant to a man of reasonable intelligence": *Pusey's Estate,* 321 Pa. 248, 262, 184 A. 844. We find no such capricious disbelief.

The referee found against the claimant, as did the board. We do not agree with the contention of the claimant that the board could not consider the employer's previous testimony taken before the referee.[1] If the employe desired to have his counsel cross-examine those witnesses previously called, the claimant should have called them for that purpose.

---

[1] "The board . . . may affirm, modify, or reverse the determination . . . of the department or referee on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence . . .": Act of 1942, Ex. Sess. P. L. 60, 43 PS Sec. 824.

The facts developed before the referee and the board showed that the claimant had been employed as a driver's helper for a number of years. Such helpers were not assigned to work with any particular driver, but might, in a single day, be directed to help in the unloading of various trucks.

The employer's dispatcher, whose duty it was to assign helpers, testified that the claimant refused to work with a certain driver, one Burns; that he "walked away" and did not even leave the garage to start work. Claimant admitted that he had never worked with the driver, Burns, but stated that he had seen other employes working with him and that Burns made the other helpers do all the work.

Section 402 of the Unemployment Compensation Law, as amended, (43 PS Sec. 802) provides that an employe shall be ineligible for compensation for any week ". . . In which his unemployment is due to voluntarily leaving work without good cause. . . ." Section 4 (t) of the Act, 43 PS Sec. 753, provides, " 'Suitable Work' means all work which the employe is capable of performing. In determining whether . . . any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness. . . ."

Under the claimant's testimony, *if believed,* he was dismissed because, when he told the employer's dispatcher that he could not lift barrels weighing three and four hundred pounds and would need skids, these were refused and he was told to "take a walk."

But there was substantial competent evidence, *if believed,* that the claimant left work without good cause. Obviously the claimant did not act prudently. If his testimony recited the true facts he should not have refused the assignment but should have endeavored to do the work. If this was beyond his physical capacity it was then for the employer to decide how the work

should be divided with others. Claimant's alleged belief that working with Burns would overtax his strength was admittedly based upon rumor. He had never worked with Burns nor tried to work with him. The conclusion that he did not act in good faith and in accordance with standards of common sense and prudence is sustained.

Decision affirmed.