Elnit Unemployment Compensation Case.

Argued September 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Michael C. Rainone,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Roland M. Morgan,* Associate Counsel and *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY DITHRICH, J., January 12, 1951:

Claimant, known in the trade as a "single-needle sewing machine operator," was last employed on a

piecework basis at an average of 80 cents per hour by the Wagman Dress Shop, 811 N. 19th Street, Philadelphia. After working for a period of one month she was laid off June 22, 1949, due to lack of work, without any understanding that she would be recalled.

On July 10, 1949, the Pennsylvania Employment Office referred her to a job with the Vogue Novelty Company, 12th and Brown Streets, Philadelphia. The referral called for work of the same general type which claimant had been doing at her last place of employment. She refused to accept the proffered employment because, as she testified, the proprietor of the Vogue Novelty Company told her that she would be paid twelve to fifteen cents a dozen for work on children's dresses, and she thought that she could not do more than a dozen of the dresses in an hour. Although she did not try the job to see what she could have earned, in appealing from the Bureau's decision denying her compensation she gave as her reason for refusing the referral, "I was not getting enough money to make a living. I worked in union shops in both places where I was laid off and I must get union wages." That the Vogue Novelty Company was not a union shop—assuming that to be a fact—would not be "good cause" for her refusal to accept employment there. *Barclay White Co. v. Unemployment Compensation Board*, 356 Pa. 43, 50 A. 2d 336.

In her testimony before the referee she was asked: ". . . what type of work would you have accepted? A. Operation on dress shirts only. Q. At what rate of pay? A. $35.00 a week, 8 hours a day." She later stated that she would take anything if it was a "paying job and suitable." But it is quite evident that she considered any job paying less than $35 a week not a "paying" job and therefore not "suitable." The Board found as a fact that she ". . . would not accept work paying less than $35.00 per week and was interested in work as a

hemmer on dress shirts only." The Board also found
as a fact that "The wage for the proffered employment
would have averaged $30.00 per week." She contends
that there was no evidence to support the latter find-
ing. The job order from the Vogue Novelty Company,
as testified to by the Bureau representative at the hear-
ing before the Board, "was for a single-needle operator
on a Singer machine. Rate of pay, piece-work with
average $30.00 a week; hours 8:30 to 5:00, five days
a week."

In the light of that testimony the Board considered
claimant's testimony that she could not have averaged
more than twelve to fifteen cents an hour simply in-
credible. "We have said in cases of this type that the
credibility of the witnesses, the weight of their testi-
mony, and the reasonable inferences to be drawn there-
from are for the board; and that the duty of this Court
is performed by studying the testimony in the light
most favorable to the party in whose favor the board
has found, giving that party the benefit of every in-
ference which can be logically and reasonably drawn
from it." *Tronieri Unemployment Compensation Case,*
164 Pa. Superior Ct. 435, 437, 65 A. 2d 426.

In the instant case there is sufficient competent
evidence to support the decision of the Board that
"claimant refused an offer of suitable work within the
meaning of section 402 (a) of the [Unemployment Com-
pensation] Law," and that " in view of the fact that
the claimant restricts herself to work as a hemmer, on
dress shirts only, at $35.00 per week . . . she has
placed too great a limitation on her conditions of em-
ployment and is thereby disqualified under section
401 (d) of the law as not being available for suitable
work."

While claimant contends that her "operation is hem-
ming dress shirts," her employment record which she
submitted to the Employment and Unemployment Com-

pensation Bureau shows that in the month that she worked for her last employer, the Wagman Dress Shop, she "Sewed darts on skirts" and that her last employment as a "Hemmer on shirts," at which she earned eighty cents per hour, terminated May 15, 1949. Her employment record further discredits her testimony as to the type of work she had been doing and the wages she had been receiving.

There was a motion to quash the appeal, but after hearing argument on the merits we decided to affirm the decision of the Board and dismiss the motion to quash.

Motion to quash dismissed and decision affirmed.