## Doninelli Unemployment Compensation Case.

Argued March 12, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Carlos R. Doninelli,* appellant, in propria persona, did not argue the case or file a brief.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General and *Bruce E. Cooper,* for appellee.

PER CURIAM, July 19, 1951:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review. The Board held that he was ineligible for benefits under section 402 (b) of the Unemployment Compensation Law, as amended by the Act of May 23, 1949, P.L. 1738, 43 PS §802, which provides that an employe shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without good cause.

Claimant was last employed as a wiper on a tanker operated by the Sinclair Refining Company. It was the policy of the employer to pass a so-called "quit list" to all employes from twenty-four to forty-eight hours

prior to a vessel's arrival in port in order to determine whether they would re-ship and to make arrangements to obtain replacements for those who did not intend to do so. Prior to the arrival of the ship at the port of Marcus Hook this list was passed among the employes. Claimant first signed under the column indicating he would stay on his job, but he later lined out his name and signed under the "quit" column. His last day of work was March 29, 1950. The Board found as a fact that claimant could have remained employed had he so desired.

Claimant's separation from his work was unquestionably voluntary, but he claims it was with good cause. He seeks to justify his leaving upon the ground that the first assistant engineer treated him unfairly. Upon applying originally for compensation benefits he assigned as a reason for separation: "I quit because I could not get along with the 1st Asst. Engineer." This was set forth in his initial interstate claim. In the signed summary of insurance interview he stated: "I left the job because the 1st Asst. Engineer wanted me to work too hard." In his testimony he declared that the assistant engineer requested him to work overtime after he had dressed to go ashore "about three times." In the one instance identified in the testimony the overtime involved was one hour. He also testified: ". . . it just seemed that I worked more than the others, . . ." He admitted he was compensated for his overtime work.

The burden of establishing good cause for voluntarily leaving his work was upon the claimant. *Sledzianowski Unemployment Compensation Case*, 168 Pa. Superior Ct. 37, 40, 76 A. 2d 666. And as we have said in cases of this type, the credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board. *Elnit Unemployment Compensation Case*, 168 Pa. Superior

120

Ct. 158, 160, 77 A. 2d 668. It does not appear from the record that claimant advanced any reasons for leaving his work which the Board should have considered as meeting the minimum requirements which are enumerated in *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898, and *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 232, 56 A. 2d 254. In his appeal to this Court claimant sets forth that he was compelled to sign the "quit list" under threats from the assistant engineer. If there was any merit in this contention claimant had ample opportunity to aver and establish it in the earlier proceedings. We cannot consider alleged facts which are presented for the first time on appeal.

We have commented upon the merits of this case although claimant failed to file a brief or appear when the case was called for argument of which he received adequate notice. The appeal will therefore be dismissed as of course. See Rule 58.

Appeal is dismissed.