Brown Unemployment Compensation Case.

Argued November 14, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

No argument was made nor brief submitted for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

PER CURIAM, January 17, 1952:

Claimant has appealed from the decision of the Unemployment Compensation Board of Review denying benefits.

The bureau had refused compensation claims for the weeks ending December 20 and 27, 1950, on the ground that claimant voluntarily left his last employment without good cause within the meaning of section 402 (b) of the Unemployment Compensation Law, 43 PS §802, which provides: "An employe shall be ineligible for compensation for any week— . . . (b) In which his unemployment is due to voluntarily leaving work without good cause: . . ." The referee affirmed the bureau.

The Board found that claimant was last employed by the Mount Vernon Bridge Company at a salary of $22 per day plus $2.30 traveling expenses. He last worked on December 13, 1950. The employer was engaged in the salvaging of bridges, and claimant's duties involved cutting girders with an acetylene torch. The work was performed twenty-five to thirty feet above the river, and the temperature during this period of his employment ranged from ten to twenty degrees above zero. Claimant had been employed in this type of work since 1942. The Board in denying benefits concluded that the termination of employment by claimant was not predicated upon either urgency or necessity.

Claimant admits that he voluntarily left his employment, but asserts as justification for leaving that the weather was cold, and that the employer did not take safety steps to protect life. Although at various stages of the proceedings claimant gave various reasons for

leaving his employment, the only reason he gave at the hearing before the Board was that the weather was too cold. Assuming that claimant found the weather rather cold for the employment in which he was engaged, he made no complaint to his employer about working conditions. He quit without notice. Claimant made no effort to retain his employment status. His conduct did not meet the standards of ordinary common sense and prudence; he did not act in good faith. See *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 378, 67 A. 2d 801.

Decision is affirmed.