## Novel Unemployment Compensation Case.

Argued October 9, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and WRIGHT, JJ.

*Frank Novel,* appellant, in propria persona, submitted a brief.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

OPINION BY WRIGHT, J., November 11, 1953:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review affirming an order of the Referee denying benefits. Claimant was last employed by Interlake Iron Corporation as a coke picker, having worked for said employer for over three years prior to April 18, 1952. After giving his employer a two weeks notice, claimant voluntarily terminated his employment on said date, advising the employer that he was returning to West Virginia to take care of his farm. Over nine months later, when claimant filed his application for benefits, he represented to the Bureau that he had terminated his employment because the work was detrimental to his health.

It is difficult to understand the basis of this appeal, especially without the benefit of a brief. The fact that the work was detrimental to claimant's health, if true, was not revealed to the employer during the course of the employment, or at the time of its termination. There is no evidence to indicate that claimant has any physical disability, or that he was advised to leave his employment by a physician. The following excerpt from his testimony may reveal the true reason for leaving: "I worked there for 3½ years and I didn't want to stay any longer because there was no future whatsoever, not even laboring, for me. There

was a fellow had a job that was half decent and I applied for that job through the proper channels and they refused me".

In *Sun Shipbuilding and Dry Dock Co. v. Unemployment Compensation Board of Review,* 358 Pa. 224, 56 A. 2d 254, claimant gave as the reason for terminating his employment and going into business for himself that ". . . from the time I put in there and the way I put the time in I figured I wasn't getting the proper break I should have gotten". Chief Justice MAXEY, after reviewing the provisions of the Unemployment Compensation Act, used the following language: "These intendments make it clear that those within the protection of the Act are 'unemployed workers'. By that last quoted phrase is meant *those who while working for wages become unemployed.* In that class are *not* included those who did work for wages but who voluntarily removed themselves from the latter class to become independently engaged in a business of their own".

An employe is ineligible for compensation for any week "In which his unemployment is due to voluntarily leaving work without good cause": Act of 1936, P. L. (1937) 2897, §402b, 43 P.S. §802b. "Good cause" consists of circumstances of such compelling nature as to afford the employe no alternative other than to abandon the employment: *Flannick v. Unemployment Compensation Board of Review,* 168 Pa. Superior Ct. 606, 82 A. 2d 671; *Seroskie v. Unemployment Compensation Board of Review,* 169 Pa. Superior Ct. 470, 82 A. 2d 558. The burden is upon the employe to establish good cause for voluntarily leaving work: *Wolfson v. Unemployment Compensation Board of Review,* 167 Pa. Superior Ct. 588, 76 A. 2d 498; *Doninelli v. Unemployment Compensation Board of Review,* 169 Pa. Superior Ct. 117, 82 A. 2d 514. The claimant here

failed to show that the termination of his employment was predicated upon either urgency or necessity: see *Brown v. Unemployment Compensation Board of Review,* 170 Pa. Superior Ct. 186, 85 A. 2d 605.

Decision affirmed.

WOODSIDE, J., took no part in the consideration or decision of this case.