## Rokosky Unemployment Compensation Case.

358

Argued October 9, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and WRIGHT, JJ.

*W. W. Rabin,* with him *Walter T. Sendziak,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

OPINION BY WRIGHT, J., December 29, 1953:

This is an appeal from a decision of the Unemployment Compensation Board of Review denying benefits under section 402(b) of the Pennsylvania Unemployment Compensation Law: Act of 1936 (1937), P. L. 2897, §402(b), 43 P.S. §802(b).

Appellant was employed by the Ideal Shirt Company in Sykesville, Pennsylvania, for a period of six years. On August 29, 1952, she terminated her employment and moved to Buffalo, New York, to live with her mother. On September 22, 1952, appellant filed a claim for compensation in the employment office in Buffalo. During the course of an interview in that office on September 25, 1952, she stated: "I left

on 8-29-52 to seek work in Buffalo, N. Y.—because I have left my husband—my mother, sisters and brothers all live in Buffalo". The Bureau denied benefits, finding that appellant terminated her employment because she had separated from her husband.

On October 20, 1952, an appeal was taken from the Bureau's decision. On that date, during an interview in the office in Buffalo, appellant asserted for the first time that she had quit work because her mother was ill. She stated: "I left my job to come to Buffalo to take care of my mother . . . . . she had sugar diabetes. There was no one else to take care of her . . . . ." The testimony, however, shows that the mother had been suffering from diabetes for several years and had been taking care of herself. A hearing was held in Buffalo on November 21, 1952. At that time, the Referee told appellant that there was information that she quit her job because she had separated from her husband. Appellant's reply was that she did not know how this had ever been established. She denied that it was her reason for leaving, and maintained that she had quit work because of her mother's illness. A further hearing was held in Pittsburgh on February 4, 1953, before a Pennsylvania Referee, at which time the testimony given at the Buffalo hearing was introduced in evidence. On March 6, 1953, the Referee issued a decision in which he found as a fact that "Claimant terminated her employment . . . . . and went to live with her mother . . . . . because her mother had diabetes and needed someone to care for her". He concluded, however, that she had given up her employment without good cause, and denied benefits.

From the Referee's decision an appeal was taken to the Board of Review. The Board vacated the Referee's findings of fact, but affirmed his conclusion. The pertinent facts as found by the Board were that claimant

had terminated her employment because of marital difficulties; and that, although she alleged she went to Buffalo to take care of her mother, ". . . . . it is clear that her mother's physical condition has not varied for many years, and there was no motivation for claimant's moving to Buffalo on this basis".

Appellant's position before us is that there was a denial of due process in that she was not given a fair hearing. She contends first, that the New York Referee did not ask necessary questions to establish the relevant facts on which the Board could properly decide the legal issue involved; and second, that the Referee failed to notify her of the basis for the Bureau's determination, thereby depriving her of an opportunity to rebut or explain it. We find no merit in either contention.

Claimant was afforded the opportunity of a hearing as required by the Act: see §203(e), 43 P.S. §763(e), and by procedural due process: see *Franke v. Unemployment Compensation Board of Review*, 166 Pa. Superior Ct. 251, 70 A. 2d 461. As we view the evidence, it was developed as favorably for the claimant as her own admissions would permit. It is apparent that the crux of the situation is her initial statement that she left work because of marital difficulties. She was subsequently given a chance to explain but her only answer was: "We had separated, we didn't get along but I don't know how that was ever established". Our concept of due process as applied to administrative hearings in connection with claims for unemployment benefits does not require an extensive cross-examination by the Referee: see *Phillips v. Unemployment Compensation Board of Review*, 152 Pa. Superior Ct. 75, 30 A. 2d 718. His duty is to fairly develop the facts and, in so doing, he acts as representative or agent of the Board: *Franke v. Unemployment*

*Compensation Board of Review,* supra. The burden is on the claimant: *Silver Unemployment Compensation Case,* 167 Pa. Superior Ct. 345, 74 A. 2d 772; *Hegele Unemployment Compensation Case,* 167 Pa. Superior Ct. 348, 74 A. 2d 773. That appellant understood the reason for the original refusal of her claim is best shown by the fact that, when she filed her appeal from the Bureau's decision, she introduced a completely new basis for termination of her employment.

Appellant also contends that the Board improperly decided the case on the basis of material not introduced into evidence, and that its decision was not supported by the evidence. The objection is apparently based upon use of the admission contained in the original interview. This became a part of the records of the Bureau, and the Referee and the Board were correct in considering it in conjunction with the other evidence: see *Phillips v. Unemployment Compensation Board of Review,* supra. Under the particular factual situation, this statement by the claimant became of primary importance. The burden was upon appellant to offer a satisfactory explanation: see *Rudisill v. Cordes,* 333 Pa. 544, 5 A. 2d 217. Her contradictory statements indicated a lack of good faith, the essential element of good cause: see *Flannick v. Unemployment Compensation Board of Review,* 168 Pa. Superior Ct. 606, 82 A. 2d 671. The credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board: *Suska v. Unemployment Compensation Board of Review,* 166 Pa. Superior Ct. 293, 70 A. 2d 397, *Elnit v. Unemployment Compensation Case,* 168 Pa. Superior Ct. 158, 77 A. 2d 668.

On appeal the testimony must be considered in the light most favorable to the party in whose favor the Board has found: *Tronieri Unemployment Compen-*

*sation Case,* 164 Pa. Superior Ct. 435, 65 A. 2d 426; *Elnit Unemployment Compensation Case,* supra. Findings which are supported by competent and credible evidence are conclusive on appeal: *Bates Unemployment Compensation Case,* 171 Pa. Superior Ct. 529, 90 A. 2d 379. The finding of the Board that claimant "was having marital difficulties, and therefore decided to leave her husband and move to Buffalo" was based on competent and convincing evidence. Such a termination of employment cannot be deemed compelling and necessitous under the Act.

Decision affirmed.

WOODSIDE, J., took no part in the consideration or decision of this case.