Pino Unemployment Compensation Case. Nathan Feldman Sons, Inc., Appellant, *v.* Unemployment Compensation Board of Review.

Argued October 2, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Joseph G. Feldman,* with him *Stephen Marc Feldman, David N. Feldman* and *Feldman & Feldman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY GUNTHER, J., January 21, 1958:

This appeal is from the decision of the Unemployment Compensation Board of Review in which the board allowed unemployment benefits under section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937), 2897, as amended, 43 P.S. 802 (e). Claimant, Rachel Pino, was employed as a trimmer and turner by appellant, Nathan Feld-

man Sons, Inc., for a period of ten years prior to the termination of her employment. Her last day of work was on July 25, 1956, at which time she left her employment because a new foreman of the appellant criticized her work and told her that her work was unsatisfactory.

The record discloses that claimant left her place of employment around noon and did not report for work the following day. She did not inform her employer of any reason for her failure to report for work and she did not request a leave of absence. Claimant stated that the continued criticism of her work made her nervous and that she was ill, but the record does not substantiate her claim of illness. About noon of July 26, 1956, the union shop chairman sent another employe to claimant's home to inform her not to report back to work but there is no evidence whatever that she was actually discharged by her employer or anyone in authority acting for the employer. It was found as a fact that the instructions of the union shop chairman were without the knowledge or consent of the employer.

The referee made specific findings of fact and concluded that claimant was not entitled to benefits by reason of section 402 (b) of the Unemployment Compensation Law, as amended, that claimant's unemployment was voluntary and without good cause. The Board of Review affirmed most of the findings of the referee but concluded that claimant was discharged from her employment because she was considered an unsatisfactory employe. The decision of the referee was reversed and the claim was allowed.

It is our duty to view the evidence in the light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it.

*McGinnis Unemployment Compensation Case,* 184 Pa. Superior Ct. 95, 132 A. 2d 749; *Weimer Unemployment Compensation Case,* 176 Pa. Superior Ct. 348, 107 A. 2d 607. Findings of fact by the board which are supported by competent and substantial evidence are conclusive and binding upon us. *Donnelly Unemployment Compensation Case,* 182 Pa. Superior Ct. 23, 124 A. 2d 386; *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 102 A. 2d 195.

The question here involved, however, is not whether the discharge was based on willful misconduct connected with employment but whether there was any discharge whatever. The referee's findings disputed by the board were as follows:

"6. Claimant did not report for work the following morning, without notification to the employer. Later that morning a co-worker informed the claimant that the union shop chairman had instructed her to tell the claimant not to report for work any more.

"7. The instructions of the union shop chairman were without the knowledge and consent of the employer. The employer did not discharge the claimant nor. was she laid off by them and continuing employment was available for her had she reported for same.

"8. No grievance was filed by the union with regard to the conditions of claimant's employment."

These findings were vacated by the board and the following finding was substituted therefor:

"6. On July 26, 1956 claimant was discharged from her employment because she was considered an unsatisfactory employe."

Neither competent nor substantial evidence may be found in this record which will sustain the finding that this claimant was discharged from employment by the *employer* or *anyone with authority acting for* the employer. It was admitted by the union shop

chairman (representing the union) that he did not have authority to discharge anyone from employment. It was admitted by claimant that, while at work, she took orders from the section foreman but that no representative of the *employer* ever told her not to appear for work. Her discharge occurred after she failed to report for work for the morning shift on July 26, 1956.

Whatever grievances claimant had with the foreman could have been taken up with the employer and the union, but the evidence does not disclose any grievance filed by the union in her behalf notwithstanding that this condition between claimant and her foreman had existed for a period of three months prior to the termination of her employment. We have held that a claimant whose leaving was precipitated by a tempermental clash with a superior (as apparent from this record) was voluntary and not for good cause. *Smith Unemployment Compensation Case,* 181 Pa. Superior Ct. 185, 124 A. 2d 707.

From the evidence produced, the referee was justified in concluding that claimant voluntarily terminated her employment without good cause under section 402 (b) of the Unemployment Compensation Law. We are also of the opinion that the board's finding cannot be sustained by the evidence.

Decision reversed.