## Davis Unemployment Compensation Case.

Argued June 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Irving L. Mazer,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WRIGHT, J., September 11, 1958:

Willie G. Davis was employed in the shipping department of Goodman Brothers Manufacturing Company, 5317 Westminster Avenue, Philadelphia. His last day of work was September 16, 1957. His application for benefits was disallowed by the Bureau, Referee, and Board of Review on the ground that claimant's unemployment was due to his discharge for wilful misconduct connected with his work under Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(e). This appeal followed.

Appellant had been endeavoring to secure a wage increase. His quitting time was 4:00 P.M. Shortly before that hour on September 16, 1957, the employer requested appellant to remain for fifteen minutes overtime work. According to the determination of the Bureau of Employment Security, appellant informed the employer that he would not work overtime unless given a raise. In any event, appellant gave no reason for not working the requested overtime other than that he had to attend to some personal business, the nature of which was not disclosed. Appellant was admittedly informed that, if he did not work the overtime in question, he would be discharged. Appellant did not comply with the employer's request and, when he reported for duty the following work day, he was discharged.

Appellant's first contention is that there is no substantial evidence in the record "to show that the employer sustained the burden of proof in rebutting the presumption that the employe is entitled to unemployment compensation benefits when, as in the present case, the employer is claiming that the employe's discharge was due to wilful misconduct". He argues that the employer has the burden of rebutting the presumption that the employe is entitled to benefits, relying on *Kelleher Unemployment Compensation Case*, 175 Pa. Superior Ct. 261, 104 A. 2d 171. However, that case was criticized in *Gagliardi Unemployment Compensation Case*, 186 Pa. Superior Ct. 142, 143 A. 2d 410, wherein Judge Woodside said: "There is no burden on the employer to establish ineligibility". Rather, it is the duty of the unemployment compensation authorities to fairly develop all the relevant facts: *Rokosky Unemployment Compensation Case*, 174 Pa. Superior Ct. 357, 101 A. 2d 124.

On this appeal, we must consider the testimony in the light most favorable to the party in whose favor the facts have been found, bearing in mind that the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn therefrom are for the unemployment compensation authorities: *Rosell Unemployment Compensation Case*, 184 Pa. Superior Ct. 556, 135 A. 2d 769. Those findings which are supported by competent and substantial evidence are conclusive and binding: *Pino Unemployment Compensation Case*, 185 Pa. Superior Ct. 205, 137 A. 2d 839. Our review of the testimony produced at the original and remand hearings before the Referee establishes that it fully supports the controlling findings. It is clear that, when appellant was requested to perform a short period of overtime work, he flatly refused, and without voicing any explanation.

Appellant's second contention is that an employe is not guilty of wilful misconduct "when his only act consists of refusing to work 15 minutes overtime when requested to do so at the end of his working day". While the statute contains no legislative definition of "wilful misconduct", the term has been interpreted by this court in numerous cases. In *Moyer Unemployment Compensation Case,* 177 Pa. Superior Ct. 72, 110 A. 2d 753, President Judge RHODES said: " 'Wilful misconduct' is not defined in the Law, but it has been held to comprehend an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employe, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer". See also *Krawczyk Unemployment Compensation Case,* 175 Pa. Superior Ct. 361, 104 A. 2d 338.

It is significant that appellant gave no excuse for refusing his employer's request to work overtime other than that he had to attend to an unexplained personal matter. Such a refusal was arbitrary and inimical to the employer's interests. In fact, appellant in his brief concedes that "an employer is entitled to a degree of loyalty and a willingness to work above and beyond the call of the normal working day". The factual situation in the case at bar is somewhat similar to that in *Armstrong Unemployment Compensation Case,* 179 Pa. Superior Ct. 488, 118 A. 2d 217, wherein claimant refused to work overtime because he did not think he would be compensated. We held that this refusal to work overtime constituted wilful misconduct within the meaning of Section 402(e). See also *Wilsey Unemployment Compensation Case,* 169 Pa. Superior Ct. 368, 82 A. 2d 503.

To summarize, we agree with the Board of Review that the completely unexplained refusal of this appellant to comply with his employer's reasonable request to work a short period of overtime constituted a wilful disregard of the employment relationship and was inconsistent with claimant's obligation to his employer. As we said in *Lux Unemployment Compensation Case,* 180 Pa. Superior Ct. 90, 118 A. 2d 231: "This is not a case of incompetency or lack of ability but one in which the claimant unreasonably refused to obey orders of his employer. Such conduct indicates a deliberate disregard of the standards of behavior which an employer has a right to expect and constitutes wilful misconduct within the meaning of Section 402(e)".

Decision affirmed.