## Moss Unemployment Compensation Case.

Argued March 22, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Murray Milkman,* with him *Berger and Stein,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., April 13, 1960:

The sole question presented by this appeal is whether the claimant was guilty of willful misconduct within the meaning of that phrase as used in §402(e) of the Unemployment Compensation Law, 43 PS §802(e), when he was discharged for falsifying the employer's records by indicating that a loan he had received from his employer had been repaid when, in fact, it had not been repaid.

Claimant admits that he made out a deposit slip for $200.00 but says it was obviously found after he had already been discharged for inefficiency. Penrose Reichman, however, testified that he knew about the deposit slip prior to discharging the claimant. He further testified that this was the "number one item" for the discharge and that the inefficiency was the "number two" reason. In answer to the question: "But it was the improper registering of a $200.00 loan as being paid in full that broke the little wagon down at that point?", he answered "That's right." It makes good sense that an employer would not lend an employee $200.00 if he intended to discharge him for inefficiency. The credibility of the witnesses is for the board: *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271. The facts as found by the board are binding upon us if they are supported by competent testimony: *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452.

We have reviewed the record and believe that the findings of fact as made by the board are supported by competent evidence.

Decision affirmed.