## Zondler Unemployment Compensation Case.

Argued September 14, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Walter H. Zondler,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Montgomery, J., November 16, 1961:

This is an appeal from the decision of the Unemployment Compensation Board of Review denying benefits under section 402.(e) of the Unemployment Compensation Law.

The appellant was last employed by F. J. Stokes, Philadelphia, Pa. His last day of work was October 11, 1960. On various occasions during the last year of appellant's employment he was warned because of acts constituting insubordination.

A short time prior to appellant's last day of work he held a pencil close to a female co-worker's face and made stabbing motions, extremely upsetting her. On October 11, 1960 appellant again held a pencil close to the co-worker's face and she became hysterical. For this and previous series of acts of insubordination the appellant was discharged.

The Bureau of Employment Security, the Referee, and the Board of Review all concluded that the appellant was ineligible to receive benefits under section 402(e).

. Section 402(e) of the Unemployment Compensation Law provides, in part, that an employe shall be ineligible for compensation for any week: "(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

The question in the present case is whether the appellant's disrespectful treatment of a co-worker was a disregarding of the standards of behavior which his employer had a right to expect of him and therefore constituted willful misconduct within the meaning of the Act.

To be "willful misconduct" under the criterion set by this Court's decisions, an act must be a wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of his employes, or negligence in such a degree of reoccurrence as to manifest culpability, wrongful intent or evil design, or to show an intentional substantial disregard of the employer's interest or the employe's duties and obligations to the employer. *Weimer Unemployment Compensation Case,* 176 Pa. Superior Ct. 348, 107 A. 2d 607; *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886.

It is obvious that appellant's failure to treat his co-worker with respect was a disregard of the standards of behavior which his employer had a right to expect of him. The Board of Review correctly concluded that an employer has a right to expect an employe to treat his fellow employes with respect and that the appellant here had been dismissed for conduct indicating a deliberate disregard of these standards of behavior.

Appellant must have, or at least should have, foreseen that his conduct would result in a serious interruption of the employer's office routine and such misconduct was clearly inimical to the employer's interests.

The Board's findings of fact are completely supported by the testimony and are therefore binding on us, as are its reasonable inferences. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452.

The conclusion reached by the Board that the appellant's acts constituted misconduct within the meaning of section 402(e) of the Unemployment Compensation Law are logical and reasonable, and therefore disqualify him from receiving benefits.

Decision affirmed.