Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Ronald Johnson, Appellant.

472

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Germaine Ingram*, with her *Harold I. Goodman*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 27, 1976:

Ronald Johnson, an unemployment compensation claimant, was employed by Sears, Roebuck and Company as a part-time stock clerk on the 9th of September, 1974. His original hours of work were from 7:00 o'clock A.M. until 12:30 P.M. He was later assigned additional hours both in the afternoon and evenings, not including, however, Tuesday and Thursday evenings. Mr. Johnson testified that when employed he told his employer he could not

work on Tuesday or Thursday evenings, but this assertion was denied by the employer and the Unemployment Compensation Board of Review found, as it was within its power to do, that no such arrangement was made. On November 18, 1974, Mr. Johnson was requested to work on Tuesday and Thursday evenings. Mr. Johnson refused this assignment for the asserted reason that he had to attend important meetings at those times. Mr. Johnson admits that he never told his employer of the nature of those meetings. By reason of Mr. Johnson's refusal to work on Tuesday and Thursday evenings the employer gave him the choice of resigning or being discharged, and he chose the former alternative. It is unquestioned that Mr. Johnson's quitting was not voluntary.

The Unemployment Compensation Board of Review concluded on this state of facts that Mr. Johnson was discharged for wilful misconduct and that he was, therefore, ineligible for unemployment compensation under Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (e). Mr. Johnson has appealed.

Without providing any explanation for his failure to describe to his employer the nature of the important meetings requiring his presence on Tuesday and Thursday evenings, Mr. Johnson now contends, as he did when he first applied for unemployment compensation and in his testimony at the referee's hearing, that his Tuesday and Thursday evening engagements were religious meetings conducted by Jehovah's Witnesses, of which religious body he is a member. His employer's representative testified at the referee's hearing that if Mr. Johnson had disclosed the reason for his unwillingness to work on Tuesday and Thursday evenings later disclosed to the Unemployment Compensation authorities, "other arrangements could have been made."

In his appeal, Mr. Johnson places primary reliance upon *Sherbert v. Verner*, 374 U.S. 398 (1963), where it

was held that the denial of unemployment compensation benefits to a Seventh-Day Adventist who refused to work on Saturday, the Sabbath Day of her faith, was unconstitutional. There are two obvious and crucial distinctions between this case and *Sherbert v. Verner, supra*. The first is that in the latter case the employer was aware of the worker's reason, founded on her religious belief, for not working on her Sabbath Day, and the second is that in *Sherbert v. Verner, supra*, it was established that the prohibition against Saturday labor was a basic tenet of the Seventh-Day Adventist faith. In the instant case, the employer neither knew nor had reason to know of the religious nature of the meetings which assertedly impelled Mr. Johnson's refusal to work, and there is no evidence in the record that his attendance at the Tuesday and Thursday evening meetings was a precept of Mr. Johnson's faith. There is nothing in this record which even suggests that Mr. Johnson was ever put to the choice between following a precept of his religion and forfeiting benefits, on the one hand, and abandoning that precept in order to continue in his employment on the other—the circumstance which was central to the holding in *Sherbert v. Verner, supra*. We agree with the Board of Review's conclusion that the combination of the refusal by Mr. Johnson to accept the assignments and his failure to disclose the reason for that refusal rendered him ineligible for benefits under the provision cited.

The holding of *Davis Unemployment Compensation Case*, 187 Pa. Superior Ct. 116, 144 A.2d 452 (1958), that a worker's discharge for refusing to work overtime because of the asserted need to attend to undescribed personal affairs was for wilful misconduct supports the following:

ORDER

AND NOW, this 27th day of February, 1976, the decision of the Unemployment Compensation Board of Review is affirmed and this appeal dismissed.