JAMES C. GRAVES *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Suffolk.    September 14, 1981. — December 21, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Employment Security,* Eligibility for benefits, Suitable employment.

Where it did not appear that a review examiner in the Division of Em-
    ployment Security had considered a separated employee's claim that
    the reemployment offered him by his former employer would have
    been at a substantially lower salary and thus unsuitable, a decision of
    the division's board of review denying unemployment benefits was or-
    dered remanded for consideration of the suitability of the proffered
    reemployment.  [767-769]


CIVIL ACTION commenced in the Dorchester Division of
the District Court Department on May 18, 1979.

The case was heard by *Dolan,* J.

*Patricia A. Cantor* for the plaintiff.

*George J. Mahanna,* Assistant Attorney General, for the
defendant.

ABRAMS, J.   This appeal challenges the decision of the
board of review (board) of the Division of Employment
Security denying unemployment benefits to the plaintiff.
The decision was affirmed by a District Court judge and,
pursuant to G. L. c. 151A, § 42, came here for direct review
with a report from that court.

We summarize the review examiner's findings of fact.[1]
For nineteen years Graves was a mattress tape edger at
Eclipse Sleep Products of New England, Inc. (Eclipse).
Graves earned from $150 to $300 a week.  He was paid on

---

[1] The board adopted the findings of the review examiner, and we
therefore treat them as the findings of the board.

a piecework basis. On January 10, 1979, Graves was laid off for lack of work.

On February 14, 1979, Graves received a certified letter instructing him to call his employer. On February 15, 1979, Eclipse sent Graves a notice recalling him to work on February 20, 1979. Graves did not call his employer or report back to work. From these facts, the review examiner concluded that Graves "initiated his separation when he failed to respond to a recall." The review examiner concluded that "[i]nasmuch as the reasons for his failing to return to work were neither compelling [n]or necessitous," Graves left his job "voluntar[ily] without good cause attributable to the employing unit."

Graves does not deny that he failed to respond to the recall offer. Instead, he claims that the recall offer was not an offer of suitable employment, because the offer would have resulted in his being paid substantially lower wages.[2] Since Eclipse asked Graves to perform the same task he had been performing for nineteen years, the review examiner made no determination on Graves's claim of unsuitability. We conclude that the failure to consider the suitability of the recall offer was an error of law.

When a claimant loses his regular job because of a reduction in available work and refuses a job from the same employer, eligibility for unemployment benefits depends on whether the employee has refused an offer of suitable employment. See *President & Fellows of Harvard College* v. *Director of the Div. of Employment Security,* 376 Mass. 551, 555-556 (1978); *Pacific Mills* v. *Director of the Div. of Employment Security,* 322 Mass. 345 (1948); *Bowman* v. *Troy Launderers & Cleaners, Inc.,* 215 Minn. 226 (1943). See also Menard, Refusal of Suitable Work, 55 Yale L.J. 134, 137 (1945); Annot., 94 A.L.R.3d 63, 74-75 (1979). Cf. *Conlon* v. *Director of the Div. of Employment Security,* 382 Mass. 19, 21 & n.1 (1980). An employer can-

---

[2] Graves claims that his earnings were reduced by 40% during the months preceding his unemployment.

not defeat the payment of unemployment benefits by offering to reemploy claimants at sharply reduced wages. A substantial decline in wages may render a worker's job unsuitable.[3] "The burden of proof as to all aspects of eligibility for unemployment benefits, including the burden of establishing [suitability], rests with the worker. See *Conley* v. *Director of the Div. of Employment Security*, 340 Mass. 315 (1960); *Doninelli Unemployment Compensation Case*, 169 Pa. Super. Ct. 117 (1951)." *Sohler* v. *Director of the Div. of Employment Security*, 377 Mass. 785, 788 n.1 (1979).

"Suitability is not a matter of rigid fixation. It depends upon circumstances and may change with changing circumstances." *Pacific Mills* v. *Director of the Div. of Employment Security, supra* at 350. A job suitable at one time may become unsuitable. "[T]he circumstances may have so changed that the job is no longer suitable." Menard, *supra.* A worker's "accustomed remuneration" is one factor that the director should consider when determining suitability. *Pacific Mills* v. *Director of the Div. of Employment Security, supra* at 349. See *President & Fellows of Harvard College* v. *Director of the Div. of Employment Security, supra* at 556. See also *Johnson* v. *Administrator, Div. of Employment Security*, 166 So.2d 366 (La. App. 1964); *Bowman* v. *Troy Launderers & Cleaners, Inc., supra* at 229; *Hallahan* v. *Riley*, 94 N.H. 48, 50 (1946); *Wojcik* v. *Board of Review*, 58 N.J. 341, 345 (1971); *In re Potvin*, 132 Vt. 14, 19 (1973); Annot., 94 A.L.R.3d 63 (1979), and cases cited.

"[W]ork at a substantially lower wage should not be deemed 'suitable' unless a claimant has been given a reasonable period to compete in the labor market for available

---

[3] A substantial decline in wages may be viewed as good cause for leaving employment. See *Bunny's Waffle Shop, Inc.* v. *California Employment Comm'n*, 24 Cal. 2d 735, 743 (1944); *Keystone Steel & Wire Div., Keystone Consol. Indus.* v. *Department of Labor*, 37 Ill. App. 3d 704, 706-707 (1976); *Robertson* v. *Brown*, 139 So.2d 226, 229 (La. App. 1962). See also Annot., 95 A.L.R.3d 449 (1979), and cases cited. "[I]n order to be eligible for benefits an individual need only be available for suitable employment which he has no good cause to refuse." *Conlon* v. *Director of the Div. of Employment Security*, 382 Mass. 19, 21, 22 n.1 (1980).

jobs for which he has the skill at a rate of pay commensurate with his prior earnings. Where the offer is for work at a wage materially lower than the wage previously earned, the claimant may be justified in refusing the offer while seeking employment at a rate of pay commensurate with prior earning capacity, but this right is not without qualification and the claimant is entitled only to a reasonable opportunity to obtain work[4] for which he is fitted by experience and training at a wage rate comparable to that for which he previously worked." *Bayly Mfg. Co.* v. *Department of Employment,* 155 Colo. 433, 441 (1964).

We cannot determine on this record whether the evidence on the unsuitability of employment was or was not believed by the review examiner, but in any event the issue should have been considered and decided. Since the review examiner made no finding on this issue, we do not know whether he rejected the evidence or merely disregarded it. Since it is the agency which should weigh the evidence and find the facts, we reverse the judgment of the District Court and order that a judgment be entered remanding the matter to the Division of Employment Security. On remand the board of review may determine suitability on the evidence in the record or on additional evidence. Alternatively, the board may send this matter back to the review examiner for a determination of suitability on the evidence in the record or for an evidentiary hearing.

*So ordered.*

---

[4] At the time of the recall offer, Graves had been unemployed for approximately one month.