396 Mass. 468 (1986)
487 N.E.2d 186
RICHARD T. McDONALD
vs.
DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another[1].
Supreme Judicial Court of Massachusetts, Plymouth.
September 13, 1985.
January 6, 1986.
Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.
T. Richard McIntosh for the claimant.
Francis X. Bellotti, Attorney General, & Willie Ivory Carpenter, Jr., Assistant Attorney General, for Director of the Division of Employment Security, submitted a brief.
LIACOS, J.
Richard T. McDonald (claimant) left his employment with A-Copy, Inc. (employer), in August, 1983. McDonald applied to the Division of Employment Security (DES) for unemployment compensation benefits. The Director of DES determined that McDonald was eligible for benefits. The employer requested a hearing. The review examiner decided that McDonald was not eligible for benefits, finding that "since it has not been established that such work was unsuitable, such leaving, under the circumstances, is voluntary without good cause."[2] McDonald appealed to the board of review *469 (board). The board denied his request for review, thus adopting the findings of the review examiner. G.L.c. 151A, § 41 (c) (1984 ed.). Schulte v. Director of the Div. of Employment Sec., 376 Mass. 107, 109 (1978). McDonald then appealed to the Plymouth District Court. A judge of the District Court affirmed the decision of the board, and McDonald now appeals to this court under G.L.c. 151A, § 42 (1984 ed.). We reverse.
We summarize the review examiner's findings of fact. McDonald worked for a short time as a field sales representative for the employer, but was unable to continue because a physical disability made difficult the driving necessary to the job. The employer agreed to place him in a different job as a telemarketing representative, to solicit sales opportunities to be followed up by the field salesmen employed by A-Copy, Inc. The telemarketing job, newly created by the employer, was to pay $160 a week plus commissions on sales. After working in this job for about a month,[3] McDonald requested, and was granted, a month's leave of absence. Near the end of the month, McDonald reported that he would not be returning to work.
McDonald contends that the cause should be remanded for a new hearing because the review examiner failed to make subsidiary findings on several issues of fact crucial to his claim. He also claims that he was denied procedural due process in that he received inadequate notice of the issues to be decided by the review examiner. We do not reach the claimant's due process argument because we agree that the review examiner erred by not making sufficient findings on the claim of the job's unsuitability.
*470 The Director argues that the findings of the review examiner should be affirmed, as they are supported by substantial evidence. The argument of the Director misses the point. "In the absence of a finding on a critical factual issue, the agency's decision cannot stand even if supported by substantial evidence. Torres v. Director of the Div. of Employment Sec., 387 Mass. 776, 779 (1982)." Malone-Campagna v. Director of the Div. of Employment Sec., 391 Mass. 399, 402 (1984). See Svoboda v. Director of the Div. of Employment Sec., 386 Mass. 1004, 1005 (1982); Smith v. Director of the Div. of Employment Sec., 376 Mass. 563, 568 (1978).
The claimant bears the burden of proving that the employment he was offered was unsuitable. See Graves v. Director of the Div. of Employment Sec., 384 Mass. 766, 768 (1981); Sohler v. Director of the Div. of Employment Sec., 377 Mass. 785, 788 n. 1 (1979). Cf. Cantres v. Director of the Div. of Employment Sec., 396 Mass. 226, 231 (1985). A job's suitability is dependent on many factors. See G.L.c. 151A, § 25 (c) (1984 ed.) (among factors to be considered are health, safety, morals, claimant's prior education and training, travel distance and costs, whether remuneration is less than that prevailing for such work); Pacific Mills v. Director of the Div. of Employment Sec., 322 Mass. 345, 349-350 (1948) (skill and capacity of worker, accustomed remuneration, expectations of obtaining equivalent employment, general economic and labor-market conditions). Cf. Conlon v. Director of the Div. of Employment Sec., 382 Mass. 19, 23 (1980) (personal reasons may constitute good cause to reject otherwise suitable work). A substantial decline in wages may render a job unsuitable. Graves, supra at 768 & n. 3.
The review examiner found that the claimant did not establish that the work was unsuitable. No evidence was introduced to counter McDonald's claim of unsuitability.[4] The review examiner is not required to believe uncontroverted evidence, *471 Zirelli v. Director of the Div. of Employment Sec., 394 Mass. 229, 232 (1985); Manias v. Director of the Div. of Employment Sec., 388 Mass. 201, 205 n. 7 (1983), but we cannot conclude that he made adequate subsidiary findings on the suitability issue. See Reavey v. Director of the Div. of Employment Sec., 377 Mass. 913, 914 (1979).
We reverse the judgment of the District Court and order that the case be remanded to the Division of Employment Security, with instructions to make findings on the factors set forth in G.L.c. 151A, § 25 (c) (and explained in our case law) as subsidiary issues to the suitability of his employment.
So ordered.
NOTES
[1] A-Copy, Inc.
[2] General Laws c. 151A, § 25 (1984 ed.), in relevant part, provides: "No waiting period shall be allowed and no benefits shall be paid to an individual under this chapter ... (e). For the period of unemployment next ensuing and until the individual has had at least four weeks of work and in each of said weeks has earned an amount equivalent to or in excess of his weekly benefit amount after he has left his work (1) voluntarily without good cause attributable to the employing unit or its agent.... An individual shall not be disqualified from receiving benefits under the provisions of this subsection, if such individual establishes to the satisfaction of the director that his reasons for leaving were for such an urgent, compelling and necessitous nature as to make his separation involuntary."
[3] The commissions earned by the claimant in this period amounted to only $30.
[4] The evidence bearing on the suitability of McDonald's employment was meager at best. But an unrepresented unemployment compensation claimant is entitled to reasonable assistance from the review examiner in presenting relevant evidence.