ENA J. HUNT *vs*. DIRECTOR OF THE DIVISION OF EMPLOYMENT
SECURITY & another.[1]

Dukes County.  February 5, 1986. — March 6, 1986.

Present: LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Findings by board of review, Eligibility for benefits,
Voluntary unemployment, Leave to present additional evidence.

Failure of a review examiner in the Division of Employment Security to
make any finding as to whether an employee had been hired for a
temporary position with the understanding that the position would prob-
ably become permanent, an issue which related directly to whether her
leaving the position eight months later had been voluntary, required that
the matter be remanded to the division for additional findings. [47-48]
An employee representing herself at a hearing before a review examiner in
the Division of Employment Security should have been given the oppor-
tunity to obtain her medical records and offer them in evidence, where
the records were necessary to substantiate the medical reason she had
given for resigning her position, and where any delay in the hearing
would have been slight. [48]

CIVIL ACTION commenced in the Edgartown Division of the
District Court Department on August 8, 1984.

The case was heard by *Brian Rowe, J.*

*T. Richard McIntosh* for the employee.

*Francis X. Bellotti,* Attorney General, *& Alan Leslie Rosen-
field,* Assistant Attorney General, for Director of the Division
of Employment Security, submitted a brief.

NOLAN, J. After Ena J. Hunt left her employment with
Martha's Vineyard Community Services, she applied for and
was denied unemployment compensation. A review examiner
of the Division of Employment Security (DES) after a hearing
at which the claimant represented herself, affirmed the denial
of benefits. She sought review of the review examiner's deci-
sion by the board of review but it was denied. She filed a

[1] Martha's Vineyard Community Services.

petition for review in the District Court and the decision of
DES was affirmed. She has appealed to this court. We remand
to the District Court for reasons set forth herein.

From the record, we learn that the employer hired the claim-
ant in June, 1983, as a temporary, full-time secretary. At first,
the job was to last for six months. An open-ended extension
was approved on January 23, 1984.

On February 1, 1984, the employer retained a new adminis-
trator for whom the claimant worked. The new administrator
found fault with the claimant's attendance record and with her
assertiveness in explaining her job responsibilities based on
her expectations. She claimed that she performed tasks which
were beneath her capabilities and she did not function as an
administrative assistant, a position for which she thought she
was hired. The review examiner found that she was hired as
a secretary. In any event, the employment climate for the
claimant did not improve after February 1, 1984, and on Feb-
ruary 7, 1984, the claimant submitted a letter of resignation
which was effective on February 24, 1984. The claimant's
letter referred to a "tension filled atmosphere" responsible for
her elevated blood pressure and recurring headaches. She
claims she was particularly distressed because her duties
changed from highly responsible work which approached the
type of duties performed by an administrative assistant to duties
of a clerk, typist, and filing clerk. She also argues that the
employer failed to make her position permanent despite a rep-
resentation that it would probably do so after six months.
Finally, the claimant protests the refusal of the review examiner
to permit her to submit medical records to substantiate her
medical condition.

The review examiner concluded that the claimant's leaving
work was voluntary without good cause attributable to the
employing unit within the meaning of G. L. c. 151A, § 25 (*e*)
(1) (1984 ed.).

1. *Findings.* The claimant correctly argues the absence of
findings on at least one important issue, i.e., whether the
employer hired the claimant with the understanding that her
position would probably become permanent. See *Torres* v.

*Director of the Div. of Employment Sec.,* 387 Mass. 776, 779 (1982). This expectation was important to the claimant because, as a temporary employee, she was denied valuable employment benefits such as medical coverage and vacation time to which permanent employees were entitled. She testified that she would not have accepted the temporary position if she had to forgo these benefits indefinitely. Her temporary status was extended twice, and on the second occasion, it was extended indefinitely. Finally, the new administrator declared that he could not make her position permanent. The review examiner made no findings on this question, which relates directly to whether her leaving was voluntary without good cause attributable to the employing unit. The case must be remanded for findings on this issue. See *Malone-Campagna* v. *Director of the Div. of Employment Sec.,* 391 Mass. 399, 402 (1984).

2. *Medical records.* The claimant says that she was denied the right to get the medical records of her blood pressure. She was late in arriving for the hearing because she had been "off-island" in search of employment. She asked for the opportunity to procure the records. It would have required about fifteen minutes. She was denied this opportunity by the examiner (after he earlier indicated that it would "not be necessary" to procure them) and also by the District Court judge to whom she addressed a motion seeking this relief after the hearing. See G. L. c. 30A, § 14 (6) (1984 ed.).

The claimant should have been given this opportunity. It might have been crucial to her case because in her letter of resignation, she refers to her elevated blood pressure as one reason for leaving. We have said that "an unrepresented unemployment compensation claimant is entitled to reasonable assistance from the review examiner in presenting relevant evidence." *McDonald* v. *Director of the Div. of Employment Sec.,* 396 Mass. 468, 470 n.4 (1986).

The judgment of the District Court is reversed. Judgment is to be entered remanding the case to DES for further findings on the issues discussed in this opinion but not necessarily limited thereto and for consideration of the medical records.

*So ordered.*