331 Mass. 286 (1954)
118 N.E.2d 771
JANINA PIZURA
vs.
DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.
Supreme Judicial Court of Massachusetts, Suffolk.
March 1, 1954.
April 2, 1954.
Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.
Stephen F. LoPiano, Jr., Assistant Attorney General, (John A. Hayes with him,) for the director of the division of employment security.
Anna Chopek, for the petitioner.
WILLIAMS, J.
This is an appeal by the director of the division of employment security from a decision by a judge of the Municipal Court of the Roxbury District on a petition by a claimant for unemployment benefits for judicial review of a decision by the board of review. G.L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434.
After a preliminary determination of the validity of the claim in question the employing unit requested a hearing in accordance with § 39, as appearing in St. 1951, c. 763, § 16. After such hearing the authorized representative on September 23, 1952, made the following findings. The claimant, who lived in Roxbury, had been employed for about one year and five months as a process quality control worker by Sylvania Electric Products, Inc., in its Boston plant. On July 18, 1952, the employing unit moved its operations to its plant in North Woburn. Although advised that she might retain her position, the claimant, because of the distance and cost of transportation, refused to make the transfer to North Woburn. She "was laid off because of lack of work and, therefore, there is no question of separation within the meaning of § 25 (e) (1)." She is "entitled to benefits if otherwise eligible." After hearing by the board of review on request of the employing unit, the board decided that the claimant had left her employment for "good cause attributable to the employing unit" but that in seeking other work she had limited herself to employment by a particular employer and had not kept herself "available" for work in accordance with § 24 (b), as appearing in St. 1951, c. 763, § 8. Benefits were denied.
*288 The petitioner applied for a judicial review on the following grounds: "1. That the decision of the director and board of review that `said petitioner limited herself to finding employment with one employer,' is not in accordance with the truth and fact, inasmuch as your petitioner did in fact apply for employment to many employers, and was unable to secure same. 2. That the appeal taken before the board of review of the division of employment security, respondent, was on the question whether the petitioner left her employment voluntarily and with good cause attributable to the employing unit, and not on the question whether the petitioner had limited herself to one employer." After a hearing in the District Court at which no evidence other than certain documents and a transcript of the testimony before the board of review were offered, the judge found: "It is doubtful whether the testimony before the board of review constitutes `any evidence' required by the statute. However, it is not here necessary to decide that question; for the testimony was irrelevant to the issue on review, which was the legality of the finding of the director on 23 Sept. 1952. The decision of the board of review is reversed in so far as it purports to modify the decision of the director and judgment will be entered for the petitioner."
The case comes before us on the appeal of the director from the decision of the judge. § 42. See Lasell v. Director of the Division of Employment Security, 325 Mass. 23, 24; Scola v. Director of the Division of Employment Security, 326 Mass. 180, 181.
According to the report of the judge to this court the questions presented for decision are: "(1) Whether the testimony before the board of review constituted any evidence as required by the statute. (2) Was it error on the part of the court to rule as a matter of law that the only issue on review was the legality of the finding of the director on September 23, 1952. In other words, the court ruled that the board of review could not hear evidence on a question which had not been presented on appeal, namely on the *289 question of availability under § 24 (b) and could not make any finding relative to the provisions of such section."
The claimant testified before the board that she had been out of work for four months. She had gone around to different places to see what different companies would offer her work. In October Scientific Specialties Company offered her a job as forelady which would not materialize until Christmas or the first of the year. She wanted to stay as close to the training she had with Sylvania as she could. She was paid by Sylvania $1.31 plus 10%. Tracerlab offered her a job on a lathe, starting at eighty-five cents, but that was not her type of work. She went to Tobe Deutschman in Norwood, and almost bought a home there, but something happened and she changed her mind. Asked why she had not had any work since she got through with Sylvania, she answered, "Well, I had a couple of prospects in mind. I had an application in at Holtzer-Cabot Company. I checked up there. They told me they would hire in November. I am on the waiting list. I worked there five years. I want to go back. It doesn't involve so much  eight minutes walk from home. It is worth while waiting for." "I prefer to go back there." "I believe I can do almost any type of work there. They will give me a good starting rate  at least $1.25 an hour." Asked if she would take a job for anything less than $1.25 an hour, she replied, "Well, I would, if I thought I could get ahead and benefit. I mean  build myself up. Section 24 (b) provides that to be eligible for benefits under c. 151A an individual shall "Be capable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted ...." We think that the claimant's testimony was sufficient to warrant the conclusion of the board of review that during the period of her unemployment she had not been available for suitable employment and therefore was not entitled to unemployment benefits. It could be inferred that because of her wish to return to a former employment she had limited herself to *290 employment which was equally as desirable. Her mental attitude was a factor to be considered. Farrar v. Director of the Division of Employment Security, 324 Mass. 45, 48-49. Corrado v. Director of the Division of Employment Security, 325 Mass. 711, 713.
The judge should have ruled on the issue whether the evidence before the board constituted "any evidence" as required by the statute, but in view of what we have said we deem it unnecessary to remand the case to the District Court for a ruling.
The second question reported by the judge concerns the extent of the board's jurisdiction. The Legislature has provided an elaborate administrative procedure for determining the eligibility of applicants for unemployment benefits. See §§ 39, 40, as appearing in St. 1951, c. 763, §§ 16, 17; § 41, as appearing in St. 1941, c. 685, § 1. The preliminary determination is to be made by the director or his authorized representative based on "such inquiries and investigations as he deems necessary." A party who is thereby affected may then request a hearing at which the director or his authorized representative "shall afford all parties interested reasonable opportunity to be heard" and shall render a decision "as promptly as possible." § 39. Benefits shall then be paid or denied unless an application for a review by the board of review (G.L. [Ter. Ed.] c. 23, § 9N [b], as amended) is filed by the claimant or an interested party. It is provided by § 41, which deals with the review by the board, that "The manner in which disputed claims shall be presented, and the conduct of hearings on appeals, shall be in accordance with regulations prescribed by the board...." Such regulations shall include provision for "(a) Reasonable notice of the time and place of the hearing to all parties in order to permit adequate preparation; (b) The right of representation by an agent or counsel; (c) The right to produce evidence and offer testimony, examine and cross-examine witnesses; (d) Making information in the reports submitted to the director available to the claimant at the hearing to the extent necessary for the *291 proper presentation of his claim. A full and complete record shall be kept of all proceedings in connection with a disputed claim. All testimony at any hearing upon a disputed claim shall be recorded, but need not be transcribed unless the disputed claim is further appealed." Unless there is a petition for judicial review under § 42 "the decision of the board of review shall be final on all questions of fact and law, and the director shall thereupon authorize the payment of the benefits, if any, found payable." On hearing of the petition for judicial review in the District Court "the findings of the board of review as to the facts, if supported by any evidence, shall be conclusive, and the court shall render a decision or decree in accordance with such findings." § 42. See Wagstaff v. Director of the Division of Employment Security, 322 Mass. 664.
From the above summary of the material statutory provisions it is plain that the decision of the board of review was intended by the Legislature to be the final factual determination in administrative proceedings of the eligibility of the claimant to receive unemployment benefits.
No restriction is placed upon the scope of the hearing before the board. Its duty is to afford the parties "reasonable opportunity for fair hearing" (§ 41) in accordance with its regulations which shall include the provisions of § 41 (a), (b), (c), and (d), above quoted. After such a hearing the board shall "affirm or modify the findings of fact and decisions of the director or his authorized representative." This appears to be an express authorization to review not only the findings of fact made by these officers but also their decisions. As we said in connection with a similar review provided by § 12, as appearing in St. 1941, c. 685, § 1, for the determination of the question whether a certain employing unit is an employer under the statute, "the board is expected to make its own findings of fact on all points pertinent to the question." Fort Pond Inn Co. v. Director of the Division of Employment Security, 324 Mass. 281, 283. In the instant case the question for decision is the eligibility of the claimant to receive benefits. The *292 director decided that the claimant was entitled to benefits for the reason stated only "if otherwise eligible." It was the duty of the board to decide the question of eligibility after consideration of all facts concerning which the parties were in dispute. It was not bound by any previous finding of the director or his representative.
The decision of the District Court is reversed. A decree is to be entered adjudging the claim to be invalid.
So ordered.