FRANCIS H. CONLEY *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Essex.    December 8, 1959. — February 2, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Employment Security,* Inability to obtain work, Review by board of review.

A review examiner of the board of review in the division of employment
security should make specific, clear subsidiary findings on the issues
before him.    [317]

Evidence and subsidiary findings supported a conclusion by the board of
review in the division of employment security that one unemployed for
some five months was ineligible for benefits under the employment
security law, G. L. c. 151A, because of his "little effort . . . to secure
work" during that period.    [318–319]

On a review by a District Court under G. L. c. 151A, § 42, of a decision
by the board of review in the division of employment security, a ruling
that the notice of hearing given by the board was defective was er-
roneous where the adequacy of the notice was not raised before the
board or by the petition for review and neither the notice nor evidence
of its contents was introduced at the court hearing.    [320]

On a review by the board of review in the division of employment security
sought by appeal of one denied unemployment benefits by the director
and involving the broad issue of the appellant's eligibility for benefits,
the adequacy of his efforts to obtain work during the period of his un-
employment as bearing on his eligibility under G. L. c. 151A, § 24 (b),
would be open even though the director denied benefits under § 29 (a)
and § 1 (r) (2).    [320]

PETITION filed in the First District Court of Essex on
October 20, 1958.

The case was heard by *Harrington,* J.

*Edward J. McCormack, Jr.,* Attorney General, *Phillip
Lemelman,* Assistant Attorney General, & *Chester A. Higley,*
for the director of the division of employment security, sub-
mitted a brief.

No argument nor brief for the petitioner.

[1] The former employer of the petitioner.

CUTTER, J.   This is a petition for a review, under G. L. c. 151A, § 42 (as amended through St. 1954, c. 681, § 12), of a decision of the board of review (the board) of the division of employment security (the division) existing under G. L. c. 23, § 9N (b), as amended through St. 1951, c. 763, § 21A.  The board found that the petitioner did not meet the eligibility requirements for unemployment benefits, see c. 151A, § 24 (b), as appearing in St. 1951, c. 763, § 8,[2] and was bound to return some $1,046 of benefits received. A judge in the District Court reversed the decision of the board.   The director of the division claimed an appeal and the case is before us on the report of the judge.   See *Lasell* v. *Director of Div. of Employment Security*, 325 Mass. 23, 25.

The following proceedings within the division gave rise to the present appeal.   After the petitioner had applied for and had received unemployment benefits for the period mentioned below, there was a redetermination (under c. 151A, § 71) within the division of his eligibility for such benefits. This redetermination, issued by the director of the division on May 5, 1958, took place by reason of c. 151A, § 29 (a), requiring a recipient of benefits to be "in total unemployment and *otherwise eligible for benefits*" (emphasis supplied) and of § 1 (r) (2) defining "[t]otal unemployment."[3]   The petitioner was disqualified by the redetermination for benefits for the weeks ending October 5, 1957, through March 1, 1958.   From the affirmance of this redetermination by the director of the division, the petitioner appealed to the board. There was a hearing before a review examiner on July 28, 1958, at which the petitioner was represented by counsel. The board's review examiner, whose decision became "the final decision of the board," found the facts stated below.

The petitioner was laid off by his employer on September 28, 1957, because of lack of work.   About October 1, the

---

[2] See later amendment by St. 1958, c. 437, § 1, not here relevant.

[3] Section 1 (r) (2) contains the following definition: "'Total unemployment,' an individual shall be deemed to be in total unemployment in any week in which he performs no wage-earning services whatever, and for which he receives no remuneration, and in which, though capable of *and available for work, he is unable to obtain any suitable work* . . ." (emphasis supplied).

petitioner's wife took over the kitchen at a night club "on a concession basis." The review examiner, on the issue whether the petitioner was in fact unemployed during the relevant period, did not make specific, clear subsidiary findings as he should have done. See *Maniscalco* v. *Director of Div. of Employment Security,* 327 Mass. 211, 214. See also *Judkins's Case,* 315 Mass. 226, 227; *Messersmith's Case, ante,* 117, 119–120. Instead, he merely recited testimony (a) that the petitioner and his wife had "been engaged in restaurant cooking for a number of years," and (b) that, although the petitioner usually went to the night club every night and made up a few sandwiches or salads, "on the whole he did no work." The review examiner then apparently merely assumed, without finding as a fact, that the petitioner's "wife operated the [night club] concession" and that, therefore, the petitioner was in "total unemployment" during the weeks in question.

On the issue whether the petitioner made adequate efforts to obtain employment, the review examiner found that from "the date of the . . . claim and during the weeks in dispute the . . . [petitioner] submitted the names of but six employers to whom he had applied for work." For three weeks before March 1, 1958, he was "negotiating for the rental of a diner" and he began to operate it on March 1. The review examiner concluded that the petitioner "made but little effort during his long period of unemployment to secure work, and . . . that, because of this inadequate search for work, he did not meet the eligibility requirements."

The petition to the District Court for review alleged that the "first hearing officer found that the petitioner was not unemployed," but that, upon the later review, the decision, already mentioned, of the board was made based on the petitioner's alleged failure to make efforts to secure work. No grounds of relief were stated unless the foregoing allegations constituted a statement of grounds.

1. General Laws c. 151A, § 42, requires (a) that the action "of the board shall be reviewed [in the District Court] in accordance with the standards for review provided in"

c. 30A, § 14 (8),[4] and (b) that the director file with the court "the decision of the board of review, including all documents and papers and a transcript of all testimony taken . . . before said board." Section 42 does not provide for a hearing de novo, or for any taking of testimony, in the District Court, except, perhaps, as the section incorporates by reference, or may be affected by, provisions of c. 30A, § 14. Chapter 30A, § 14, provides that "[i]n so far as the statutory form of judicial review . . . is silent as to procedures provided in this section, the provisions of this section shall govern such procedures" (see *Newton* v. *Department of Pub. Util.* 339 Mass. 535, 543, fn. 2) and in subsection (6) that the review "shall be confined to the record [of the agency or board], except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court."[5] The court under subsection (7) has power to require additional evidence to "be taken before the agency." Chapter 151A, § 42, expressly requires that the "petition for review . . . shall state the grounds upon which . . . review is sought." This is consistent with the similar provision found in c. 30A, § 14 (2), which requires "a concise statement of . . . facts showing that [the] petitioner is aggrieved, and the ground or grounds specified in" § 14 (8) upon which the petitioner relies.

The petition inadequately states the grounds on which review is sought, for both c. 151A, § 42, and c. 30A, § 14, require more than was done here. Even if it be assumed, however, that the petition was adequate, we perceive no error by the board. The board decided that, because of the

----

[4] The standards stated in § 14 (8) require correction or modification of the board's decision in this adjudicatory proceeding (see G. L. c. 30A, § 1) if "substantial rights of any party . . . have been prejudiced because the . . . [agency's] decision [was] . . . (c) [b]ased upon an error of law; or (d) [m]ade upon unlawful procedure; or (e) [u]nsupported by substantial evidence; or . . . (g) [a]rbitrary or capricious . . . or otherwise not in accordance with law."

[5] The report of the District Court judge indicates that he erroneously (see c. 30A, § 14, and c. 151A, § 42) took some further evidence on matters other than the procedure in the division and before the board. This, however, is immaterial in view of our disposition of this case.

petitioner's "little effort . . . to secure work" he did not meet the eligibility requirements. This conclusion was consistent with the board's subsidiary findings and was supported by substantial evidence before the board summarized in the report of the District Court judge as follows: "The . . . [petitioner] made only six personal applications for employment during the period . . . included in this number were two referrals by the local office of the division. His testimony also indicates: 'that he looked for work around in circles that he operated in; that he was available for work of any sort . . . .' " The board was not required to believe that the petitioner had made more effort than the "six personal applications," nor was it obliged to believe that the petitioner's somewhat perfunctory assistance at the night club constituted (as the judge suggested) effort to become employed. The review examiner and the board were well justified in concluding that only six applications for work in a period of unemployment of about five months (September 28, 1957, to March 1, 1958) were not sufficient to satisfy the requirements of c. 151A, § 24, as appearing in St. 1951, c. 763, § 8, that "to be eligible for benefits" an unemployed person must "(b) [b]e capable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted." Whether an unemployed person is unable to obtain work, or is otherwise eligible for benefits, is largely a question of fact, as to which the burden rests on the unemployed person to show that his continued unemployment is not due to his own lack of diligence. *Farrar* v. *Director of Div. of Employment Security*, 324 Mass. 45, 48–50. *Corrado* v. *Director of Div. of Employment Security*, 325 Mass. 711, 712–713. *Pizura* v. *Director of Div. of Employment Security*, 331 Mass. 286, 288–290. Cf. *Ford Motor Co.* v. *Director of Div. of Employment Security*, 326 Mass. 757, 764–766.

2. A further issue was decided by the District Court judge and the director of the division upon which we comment, although we think that it was not adequately raised by the petition for review. The judge pointed out that all pro-

ceedings prior to that before the review examiner "had involved only the . . . issue . . . whether . . . the petitioner was in 'total unemployment,' and [that] the final [board] decision . . . was . . . upon an entirely different ground, i.e., 'that the petitioner made . . . little effort . . . to secure work.' " On this account he ruled that, under c. 30A, § 11 (1), the notice of the hearing before the review board was defective in failing to give the "parties . . . sufficient notice of the issues involved to afford them reasonable opportunity to prepare and present evidence and argument." This ruling was erroneous.

"No evidence was introduced at the hearing before the court as . . . to the contents of . . . [the] notice" and neither "the original nor a copy of the notice" was before the court. The judge had no basis in the record for a ruling on this point. The adequacy of the board's procedure was not mentioned as a ground for review, nor does the record show that any question about the adequacy of the notice was raised before the board by the petitioner's counsel. In any event, the hearing before the board was on the petitioner's appeal from action within the division by (or in behalf of) the director on the broad issue of the petitioner's eligibility to receive benefits. Although the director had denied him benefits under c. 151A, § 29 (a), and § 1 (r) (2), the former of these sections referred not only to the requirement that a recipient be in "total unemployment" but also to a requirement, already quoted, that he be "otherwise eligible for benefits." This essentially incorporated in § 29 (a) by reference the eligibility requirements of § 24. Upon his own appeal to the board it was incumbent upon the petitioner to sustain his burden of proof (see *Farrar* v. *Director of Div. of Employment Security*, 324 Mass. 45, 50) as to all aspects of his eligibility for benefits. See *Pizura* v. *Director of Div. of Employment Security*, 331 Mass. 286, 291–292.

3. The decision of the District Court is reversed. A decision is to be entered adjudging the claim to be invalid and the decision of the board to be correct.

*So ordered.*