PETER SCRENCI *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Suffolk.    February 7, 1968. — February 29, 1968:

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Employment Security*, Availability for work.

No error of law appeared in a conclusion by the board of review in the
    Division of Employment Security that a clothing cutter, who was
    the treasurer and a stockholder in the family corporation which had
    employed him and who had been unemployed for seventeen days
    due to the usual summer business falloff and to loss of some accounts
    when he applied for benefits under G. L. c. 151A, was not entitled
    thereto where it appeared that he was available for work only at a
    particular job in a limited geographical area in which to his knowledge
    the job could not currently be had, and that he expected to resume
    work with his employer when the seasonal slump ended.

PETITION filed in the Municipal Court of the City of
Boston on January 18, 1966, for review of a decision of the
board of review in the Division of Employment Security.

The case was heard by *Morrissey, J.*

*William F. Wallace* for the petitioner.

*Joseph S. Ayoub,* Assistant Attorney General (*Hartley C.
Cutter,* Assistant Attorney General, with him), for the re-
spondent.

KIRK, J.  Screnci appeals under G. L. c. 151A, § 42, from
a decision of a judge of the Municipal Court of the City of
Boston affirming a decision of the Board of Review in the
Division of Employment Security which denied Screnci's
application for further review.  The board's decision fol-
lowed a denial of Screnci's application for benefits by the
director of the division and the review examiner.  The record
includes the evidence before the review examiner, whose de-
cision under G. L. c. 152, § 41, became the decision of the
board.  The examiner found that Screnci "did not show by
an active or realistic search for work that he was unable to
obtain suitable work, and . . . further found that . . . [he]
placed a serious restriction on his availability for suitable

work by his intention to return to work for the corporation within a short period of time." Our review, like the judge's, is governed by the standards provided in G. L. c. 30A, § 14 (8). G. L. c. 151A, § 42.

The evidence showed that Screnci was a clothing cutter by trade, and was the treasurer and a stockholder in the family corporation which employed him. The other officers and stockholders are his father and brother. The corporation did cutting and related work under contracts with retail clothing stores. Screnci had been unemployed from July 2, 1965, to October 1, 1965, due to the usual falloff of business during the summer and to loss of some accounts. Screnci filed his application on July 19, 1965. On a form signed by him on July 28, 1965, he stated that he expected to return to work with the corporation within six weeks and that he was seeking full-time work as a cutter in Boston and vicinity. He testified that during the period of his unemployment he sought work as a cutter at three retail clothing stores, but was not hired. Although he was not a union member he looked for work at the union hall.

Contrary to Screnci's contention, this is not a case like *Faria* v. *Director of the Div. of Employment Sec.* 350 Mass. 397, where it was held that the board erroneously applied the statute so as to "exclude from its benefits unemployed persons [in a seasonal trade or occupation] *merely* because when there is any work available they will in all likelihood be employed by a corporation in which they have . . . [a financial] interest" (emphasis supplied). In the present case, however, the board expressly directed its findings to that part of G. L. c. 151A, § 24, which provides, in substance, that in order to be eligible for benefits, the individual shall "[b]e capable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted."

The board could conclude from Screnci's testimony and written statements that he was available for work only at a particular job in a limited geographical area where to his knowledge the job could not currently be had. These facts,

coupled with his statement that he expected to resume work with his employer when the seasonal slump ended, could be found by the board to be a virtual withdrawal from the labor market until his employer's business became normal. His efforts to get the particular job he wanted were few and were made at places where a favorable result was unlikely.

The burden was on Screnci to show that his continued unemployment was not due to his own fault. The board obviously found that he failed to sustain the burden. Some of the considerations which the board could properly consider in reaching a conclusion are set out in *Farrar* v. *Director of the Div. of Employment Sec.* 324 Mass. 45, 48–50. The findings were not unsupported by substantial evidence and were not tainted by error of law. The decision of the judge is affirmed.

*So ordered.*