HOBSON, Chief Judge.
Petitioner filed his petition for writ of certiorari to review the decision of the Florida Industrial Commission which denied him unemployment compensation.
*252 The Board of Review denied the application of petitioner for leave to appeal the decision of the Appeals Referee and made the decision of the Appeals Referee the decision of the Board of Review.
The Appeals Referee made the following findings of fact, reasons for decision and his decision:
"FINDINGS OF FACT: Claimant is a forty-seven year old man. He is a seasonal employee of a can manufacturing company, employer (-0103S0). Claimant retains an attachment to his employer and is subject to recall on the basis of seniority and the work requirements of the employer. On Saturday or Sunday immediately preceding October 7, 1968, claimant received a telegram from his employer instructing him to report for work Monday morning, October 7, 1968. On Sunday evening, October 6, 1968, claimant became ill. He did not report for work as scheduled but later in the day reported in person to the plant and informed the employer that he was ill and unable to work. He did; however, inform the employer that he could report for work the following morning, October 8, 1968. On October 7, 1968, claimant was informed that he had been returned to layoff status and there would be no work for him on Tuesday. Claimant could have returned to work on Tuesday had work been available.
“The testimony does not disclose the number of hours that claimant would have worked if he had been employed on October 7, 1968.
“The Referee finds claimant fails to meet the requirements of the Unemployment Compensation Law that he be able to work and available for work during the period October 6, 1968, through October 12, 1968.
“REASONS FOR DECISION: The Florida Unemployment Compensation Law provides that an otherwise eligible individual must, among other things, be able to work and available for work in order to qualify for a week of unemployment compensation benefits. In this case claimant was not able to work and available for work for the full seven day period in question. Partial benefits are payable to a claimant who is partially unemployed due to the lack of work because one day of employment was available for him during the period for which he has been held ineligible for benefits. A partial claim could not be computed because he did not work and because the specific amount he would have earned can not be computed.
“Giving due consideration to the facts in this case it must be found claimant fails to meet the requirement that he be able to work and available for work from October 6, 1968, through October 12, 1968.
“DECISION: The determination of the Examiner holding claimant ineligible for benefits from October 6, 1968, through October 12, 1968, because not able to work and available for work is hereby affirmed.”
We agree with the Appeals Referee that the petitioner is not eligible for benefits from October 6, 1968 through October 12, 1968 due to the fact that he was not able to work on October 7, 1968.
We hold, however, that the petitioner is entitled to partial benefits under the Unemployment Compensation Law. The Appeals Referee apparently found that even though petitioner was entitled to partial benefits he could not receive the same because a partial claim could not be computed. With this we disagree.
The record demonstrates the petitioner’s hourly wage and upon remand the examiner can determine the number of hours that petitioner would have worked if he had been able to work on October 7, 1968, or in the alternative the examiner can determine the number of hours worked *253 by the person who did the work for which petitioner was called to perform on October 7, 1968 by his employer.
For the foregoing reasons the petition for writ of certiorari is granted and the cause remanded for further proceedings consistent with this opinion.
LILES and McNULTY, JJ., concur.