WIGGINTON, Judge.
Petitioner seeks review by certiorari of a final order rendered by the Industrial Relations Commission of the Florida Department of Commerce, which order affirmed the decision of an appeals referee denying petitioner’s application for unemployment compensation benefits. This proceeding is brought pursuant to the authority granted by Section 443.07(4) (e), F.S.A., and Rules 4.1 and 4.5c, F.A.R., 32 F.S.A.
Prior to her discharge on September 11, 1970, petitioner was regularly employed in the poultry processing plant of Henry Koerber, Inc., in Walton County. From the undisputed facts found by the appeals referee in the decision rendered by him, it appears that petitioner, a 34-year-old female, was employed for a period of approximately five years on the production line in the plant operated by her employer. During the time when she was at work, her services were considered satisfactory. However, during the last 36 weeks of her employment, petitioner worked only seven full weeks even though full-time work was available to her during the remaining 29 weeks of this period. Petitioner well knew from her own experience that when a worker was absent from the production line on which she was employed, adjustments had to be made which threw additional work on those workers who were present on the job. Her excessive absences from work not only caused additional supervisory problems in the plant but imposed additional hardships on her coworkers. Petitioner’s absences from work resulted primarily from domestic problems, child care problems, the necessity of attending court and other similar causes. Her absences were excused upon her representation that they were necessary.
*601 During the week ending September 5, 1970, petitioner’s employer warned her about her excessive absenteeism following' which she worked until noon on Monday, September 7, 1970, when she was permitted to leave work and return to her home because of another personal problem which had arisen. She did not return to work at any time during the following two days, as a result of which she was notified of her discharge from employment on September 11, 1970, on the ground of excessive absenteeism.
Petitioner contends that following her discharge on September 11, 1970, she attempted to secure other employment but was unsuccessful in doing so. Between the date of her discharge and the date of the hearing before the appeals referee on January 19, 1971, petitioner made three applications for employment, one 60 miles from her home and the remaining two within 30 miles of her home, the last application having been made just one week prior to the hearing before the appeals referee. She made no follow-up efforts in connection with any of the applications. During the week preceding her last application, no effort was made by petitioner to secure employment because she was involved with child care problems.
In his order the appeals referee found that petitioner’s discharge from her employment with the Koerber company was not for misconduct connected with her work but because she was not available for work during the normal and prevailing working hours for her occupation. The appeals referee found from the evidence that it was because of petitioner’s personal problems that she was not able to work the normal hours required of her in her occupation. At the time of the hearing petitioner presented no proof establishing that she had overcome the problems which caused her to be unavailable for work in her former employment, and it affirmatively appeared that her personal problems continued to impose an undue restriction on her attachment to the normal labor market. The referee found that the three applications for employment made by petitioner over the preceding four months without any followup effort negatived any serious intention on her part of becoming employed but she sat idly by and waited for work to be offered to her in response to her passive as distinguished from an active search for employment. Based upon the foregoing findings, the appeals referee concluded and so held that petitioner was ineligible for unemployment compensation benefits because she was unavailable for work from the time of her discharge from her former employment until the date of the hearing.
Petitioner’s sole contention on this review is that subsequent to her discharge she made a diligent effort to secure employment within a radius of 60 miles of her home. Be this as it may, it is evident that her loss of employment in the first instance was regrettably due to her unavailability for work caused by recurring domestic problems in her own household. At the time of the hearing there was no showing that conditions in her home had changed to the extent that would permit her to be regularly available for employment in the future. On the basis of the record we cannot say that the appeals referee abused his discretion when he found that her search for employment was not seriously undertaken but was pursued in a passive manner unlikely to develop an attachment to the normal labor market in her residential area and that because of personal problems which beset her, she was unavailable for regular employment.
In the administration of the unemployment compensation law, it is fundamental that before one may become eligible for benefits he must be available for the work he is qualified to perform.[1] Such a *602 person must place himself in the normal labor market free of any restrictions which would unduly impair his availability for work, whether self-imposed or otherwise. One seeking employment must assume the responsibility of managing his personal affairs in such a manner as will enable him to reasonably comply with the conditions of the work he seeks. If he fails to discharge .this responsibility, it cannot be said that he is available for work in the usual commercial sense.
The three applications for employment made by petitioner during the four months period between her discharge and the referee’s hearing without any follow-up effort on her part falls short of evincing a sincere desire to obtain work. In the case of Florida Industrial Commission v. Ciarlante,[2] the Supreme Court said:
“ * * * A factor to be considered is the claimant’s mental attitude, i. e., whether he wants to go to work or is content to remain idle. Pizura v. Director of Division of Employment Security, 1954, 331 Mass. 286, 118 N.E.2d 771. ‘Indicative of such mental attitude is evidence as to efforts which the person has made in his own behalf to obtain work. A person who is genuinely attached to the labor market and desires employment will make a reasonable attempt to find work, and will not wait for a job to seek him out.’ Dwyer v. Appeal Board, supra, 32 N.W.2d 434, 438.
* * * sfc * *
“The Act not only requires registration for employment but, also, that the
“(3) He is able to work and is available for work.” claimant be found to be able to work and available for work. It does not seem to be an unreasonable interpretation of the general terms of the statute that ‘availability’ should be evidenced by something more than mere registration with an employment agency and an expressed willingness to work. * * * ”
In the case of Teague v. Florida Industrial Commission,[3] the Second District Court of Appeal held:
“ * * * Under the requirements for eligibility to receive benefits, he cannot sit idly by and wait for work to be offered to him, but the approach must be active and not passive with reference to his search for employment. * * *

“The burden is on the claimant to prove by substantial competent evidence that he has met the requirements for eligibility specified by the act, including the essential requirement, as construed, of availability for work. The findings of the appeals referee and the ruling of the board upholding the appeals referee’s decision will not be disturbed unless they are manifestly against the weight of the evidence or unless there is no substantial evidence to support them.”
Petitioner having failed to demonstrate error, the writ of certiorari is denied and the petition dismissed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. F.S. § 443.05(1), (3), F.S.A.
“An unemployed individual shall be eligible to receive benefits with respect to any week only as the commission finds that :
“(1) He has made a claim for benefits with respect to such week in accordance *602 with such regulations as the commission may- prescribe.
* * * * *

. Florida Industrial Commission v. Ciarlante (Fla.1955), 84 So.2d 1, 3, 4.

. Teague v. Florida Industrial Commission (Fla.App.1958), 104 So.2d 612, 615, 616.