329 So.2d 401 (1976)
Kathleen C. ROBINSON, Petitioner,
v.
INDUSTRIAL RELATIONS COMMISSION et al., Respondents.
No. 75-2004.
District Court of Appeal of Florida, Fourth District.
March 26, 1976.
Rodney W. Bryson, of Bryson & Berman, Miami, for petitioner.
Kenneth H. Hart, Jr., General Counsel, Tallahassee, and James R. Parks, Miami, for respondent Florida Dept. of Commerce Div. of Employment Security.
*402 Alan Douglas Greene, of Bruckner, Greene & Manas, Miami, for respondent The Hertz Corp.
WALDEN, Chief Judge.
This is a petition for writ of certiorari, addressed to a decision of the Industrial Relations Commission which denied petitioner's claim for unemployment compensation. We grant the petition, quash the order under review, and remand with instructions to grant petitioner unemployment compensation benefits.
We employ the facts found in the letter from the employer, Hertz, to the Department of Commerce:
"Mrs. Robinson was employed by Hertz since June, 1969. She became pregnant and worked until her ninth month of pregnancy. After following proper Hertz procedure, she applied for a Maternity Leave of Absence, with all intentions of returning to work three months after the birth of her child.
"Before she left her position, we transferred another employee to cover Mrs. Robinson's position during her leave. Several days prior to September 26, 1974, I requested that Mrs. Robinson begin her leave since she had properly trained her replacement and I felt she was too far along in her pregnancy to continue working.
"Again, following proper Hertz procedure, at the termination of her Leave of Absence, she requested to return to work. At the time of Mrs. Robinson's request to return to work, due to economic conditions and a cutback in employees, we could not reemploy Mrs. Robinson. At this time we gave her notice that she had been terminated." (Emphasis supplied.)
The foregoing is in exact accord with the testimony given in the administrative proceeding.
Regardless of this record, the Appeals Referee found:
"... record and evidence of the instant case clearly show that the claimant voluntarily left her employment without good cause attributable to the employer, within the meaning of the law set forth above. Claimant discontinued work after September 26, 1974, for personal reasons due to her pregnancy. Accordingly, the claimant should be disqualified from receiving benefits."
The question is:
Whether an employee who is terminated by her employer because of economic conditions eliminating available jobs following an employer-approved maternity leave of absence has "voluntarily left her employment without good cause attributable to her employer" within the meaning of Florida Statute 443.06(1) (1973)?
It is our view that the maternity leave, approved as it was by the employer, has no bearing upon the issue. In our judgment her employment was terminated for the reason stated by the employer, "... due to economic conditions and a cut back in employees... ."
And so we hold that petitioner did not voluntarily leave her employment without good cause attributable to her employer. Thus, she is entitled to receive unemployment compensation. See Southern Bell Telephone & Telegraph Company v. Administrator, Division of Employment Security of the Department of Labor, 253 La. 519, 211 So.2d 634 (La. 1968); Western Electric Company, Inc. v. Director of Division of Employment Security, 340 Mass. 190, 163 N.E.2d 154 (Mass. 1960).
We record that Respondents waived their right to file a brief and thereby we were not given the benefit of their views and rationale in justification of the reviewed order.
*403 Certiorari is granted, the order is quashed, and the cause remanded with instructions to grant Petitioner unemployment compensation benefits.
PETITION GRANTED, with instructions.
DOWNEY, J., and LEE, THOMAS E., Associate Judge, concur.