PRESIDENT AND FELLOWS OF HARVARD COLLEGE vs.
DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY
& others.[1]

Middlesex. September 14, 1978. — November 3, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Practice, Civil,* Parties. *Employment Security,* Eligibility for benefits,
Availability for work, Review by District Court, Suitable employ-
ment.

The board of review of the Division of Employment Security was not
an indispensable party to a proceeding under G. L. c. 151A, § 42,
seeking review of a decision of the board. [553–554]
A claimant for unemployment benefits who was employed by a college
as a food service worker during the academic year but was laid off
in the summer months did not so restrict her employability by
making known to prospective employers her intention to return to
the college in the fall as to remove herself from the labor force and
render herself not "available for work" within the meaning of
G. L. c. 151A, § 24 (b). [554–555]
Evidence that claimants for unemployment benefits who were em-
ployed by a college as food service workers during the academic
year but were laid off in the summer months were offered part-time
jobs at a reduction of 30% or more in hours and wages, together
with increased transportation time, or were offered jobs which end-
ed at a very late hour supported findings by the board of review of
the Division of Employment Security that the jobs were not "suita-
ble work" and that the claimants were therefore in "total unem-
ployment" as defined in G. L. c. 151A, § 1 (r) (2). [555–556]

PETITION filed in the Third District Court of Eastern
Middlesex on May 16, 1977.
The case was heard by *Bailey,* J.

---

[1] Jacqueline Balcom, Ruth Donnelly, Sylvia Gallagher, Mary Innis,
and Jane Morris.

*Roscoe Trimmier, Jr. (John H. Mason* with him) for the plaintiff.

*Paul F. Kelly* for Jacqueline Balcom & others.

*Frank J. Scharaffa,* Assistant Attorney General, for the Director of the Division of Employment Security.

BRAUCHER, J. The President and Fellows of Harvard College (employer) employed the claimants as food service workers during the academic year, and offered them substitute employment during the summer. They refused the offers on grounds of safety and reduced income. We uphold findings that they were "available for work" within the meaning of G. L. c. 151A, § 24 (*b*), that the employer had not offered them "suitable employment" within the meaning of § 25 (*c*), and that they were therefore in "total unemployment" as defined in § 1 (*r*) (2), and were entitled to benefits under § 29 (*a*), if otherwise eligible.

Each of the five claimants was employed by the employer during the 1975-1976 academic year. Their employment was terminated in June, 1976, and they refused the employer's offers of summer employment. The director of the Division of Employment Security (division) denied them unemployment compensation benefits, and review examiners affirmed his determinations. The board of review (board) reversed the decisions of the review examiners. On the employer's appeal pursuant to G. L. c. 151A, § 42, the District Court ruled that the decisions of the board were supported by substantial evidence and not based on any error of law, affirmed the board's decisions, and reported the case to this court.

We summarize the evidence at the hearing before the board. The review examiners made no findings as to whether the employees were "available for work," and only in the first case heard by the board, that of the claimant Gallagher, was any evidence introduced as to the claimant's efforts to obtain work from other employers. At the close of her testimony the chairman of the board expressed the hope that "a lot of this testimony would not be repeated." Gallagher testified that she

sought employment at five or six places and was told at other places that they were not hiring at all. At one place she was asked if she could start the next week. She testified, "I felt kind of guilty at this hourly rate as I would be going back to Harvard," and told the interviewer she was only off during the summer months.

The review examiners found in each case that the claimant had not established that she was unable to find "suitable work." Three of the five claimants held full-time jobs during the academic year 1975-1976; two held part-time jobs. The three full-time workers were offered part-time jobs and refused them either because of the reduced hours and income or because of increased transportation time. One of the part-time workers refused a full-time job at the Harvard Business School because it lasted until midnight and she feared for her safety in returning by public transportation to her home in Somerville. The other refused a part-time job as a custodial worker ending at 11 P.M. because of fear for her safety.

In each case the board found that the conditions and terms of the offered work were "substantially different and less favorable" to the claimant than her employment during the academic year, that the offered work was unsuitable, and that the claimant was in "total unemployment." In the Gallagher case and one other, it also found that the claimant was "available for work."

1. *Parties*. The director has moved to dismiss the appeal for failure to state a claim against him on which relief can be granted and for failure to join an indispensable party, the board. We deny the motion. Under G. L. c. 151A, § 42, both before and after its amendment by St. 1976, c. 473, § 15, when a party to the proceeding before the board seeks judicial review, "every other party" to that proceeding must be made a party respondent, and the director is deemed to have been a party to that proceeding. "Upon the final determination of such judicial proceeding the director shall enter an order in accordance with the terms of the decision terminating such proceeding." Con-

trast *Pequot Assocs.* v. *Assessors of Salem, ante* 270, 278-279 (1978), where no relief was sought against the agency. The director joined the employer in the District Court in claiming that the board erred and he was free to press that claim on appeal to this court.

The board is not an indispensable party to this proceeding. If this were a civil action in the nature of certiorari, the board could be made a formal party as a method of seeking review of its decision. *Malden* v. *Appellate Tax Bd.*, 367 Mass. 395, 398 (1975). Cf. *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 632 n.2 (1977) (petition under G. L. c. 211, § 3). But no useful purpose would be served by its joinder in this statutory appeal.

2. *"Total unemployment."* To be entitled to benefits under G. L. c. 151A, § 29, the claimant must be in "total unemployment." Under § 1 (*r*) (2), "total unemployment" requires that the claimant, though "available for work," be "unable to obtain any suitable work." No question is raised here like that in *Cusack* v. *Director of the Div. of Employment Security, ante* 96, 98-99 (1978), where we held that a tenured school teacher was not in "total unemployment" during the summer because there was no severance of the employment relationship. Cf. § 28A, as amended by St. 1977, c. 720, § 29. The present cases have been litigated primarily on the issue whether the work offered by the employer was "suitable." The employer now argues that there was no proof that the claimants were available for work, and that the burden of proof is on the claimant. *Conley* v. *Director of the Div. of Employment Security*, 340 Mass. 315, 319 (1960). We think that issue was fairly raised only in the Gallagher case, although there was some reference to it in one other case. See *Pizura* v. *Director of the Div. of Employment Security*, 331 Mass. 286, 292 (1954). Since there was no error in the Gallagher case, we need not consider whether a reversal in that case would require remand of the other cases as well.

Whether an employee is "available for work" is primarily a question of fact that has been entrusted to the informed judgment of the board. *Keough* v. *Director of the Div. of Employment Security,* 370 Mass. 1, 4 (1976). In the Gallagher case the findings of the board are supported by substantial evidence. The only question of law presented is whether the claimant, by making known her intention to return to Harvard in the fall, "has so restricted her employability as to remove herself from the labor force and render herself not 'available for work' within the meaning of G. L. c. 151A, § 24 (*b*)." *Id.* (restriction to work within walking distance of home). Cf. *Screnci* v. *Director of the Div. of Employment Security,* 353 Mass. 700, 701-702 (1968) (restriction to particular job in area where no such job available); *Pizura* v. *Director of the Div. of Employment Security,* 331 Mass. 286, 289-290 (1954) (restriction to employment equally as desirable as former job); *Farrar* v. *Director of the Div. of Employment Security,* 324 Mass. 45, 50 (1949) (restriction to particular job with no good prospects of securing such a job). Nothing in the statute shows a policy to exclude claimants from its benefits merely because they have been laid off for a fixed period or for a season. Certainly the claimant is not required to lie to prospective employers about future prospects. A disclosed intention to return to Harvard in the fall does not imply that she would not finish out her week or other reasonable term of employment as an hourly laborer elsewhere, if such employment could be found. See *Faria* v. *Director of the Div. of Employment Security,* 350 Mass. 397, 399 (1966); *Mikolaicziak* v. *Employment Security Comm'n,* 40 Mich. App. 61, 73 (1972). So far as the decisions in *Lowell* v. *Maine Employment Security Comm'n,* 159 Me. 177, 182 (1963), and *Chickey* v. *Commonwealth Unemployment Compensation Bd. of Review,* 16 Pa. Commw. Ct. 485, 494 (1975), are to the contrary, we do not follow them.

3. *"Suitable work."* To be in "total unemployment" under § 1 (*r*) (2), the claimant must be "unable to obtain any

suitable work," and to be eligible for benefits § 24 (b) requires that the claimant be "unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted." In *Pacific Mills* v. *Director of the Div. of Employment Security*, 322 Mass. 345, 351 (1948), we held that § 24 is to be construed together with § 25 (c), defining what is "suitable," and that work that is not "suitable" under § 25 is "deemed not to be work for which the employee is reasonably fitted under § 24." We think § 1 (r) (2) must be similarly construed. "Suitability is not a matter of rigid fixation," and "the question is commonly one of fact." *Id.* at 350. Cf. *Corrado* v. *Director of the Div. of Employment Security*, 325 Mass. 711, 713 (1950).

The board's findings as to suitability are supported by substantial evidence and are not based on any error of law. Under § 25 (c) the director is explicitly told to consider whether the employment is detrimental to the safety of an employee and whether it is located within a reasonable distance of his residence or place of last employment. Work is not suitable under § 25 (c) (4) in the case of a female if she would be required to work between 12 midnight and 6 A.M., but the board is not precluded from finding other hours unsuitable. Findings that full-time workers were offered part-time jobs at a reduction of 30% or more in hours and weekly wages, together with increased transportation time, warranted the conclusion in the circumstances that the part-time jobs were not "suitable." See *Bayly Mfg. Co.* v. *Department of Employment*, 155 Colo. 433, 438-444 (1964); *Keystone Steel & Wire Div.* v. *Department of Labor*, 37 Ill. App. 3d 704, 708-709 (1976); *Keith* v. *Chrysler Corp.*, 390 Mich. 458, 489-492, 500-501 (1973) (Williams, J., dissenting).

*Decision of the District Court affirmed.*