BOOTH, Judge.
This cause is before us on appeal from the order of the Unemployment Appeals Commission affirming the award of unemployment benefits for the period during which the employee was on maternity leave. We reverse.
The facts are that Ms. Howard, a draw-twist operator at Monsanto Company, left her employment around November 19, 1977 on a voluntary layoff. At this time, Ms. Howard had been advised by her doctor that she “wouldn’t be able to do the work that was required” since she was seven and one-half months pregnant. After being recalled from the voluntary layoff on December 19, 1977, Ms. Howard requested and was granted a company-approved maternity leave effective December 21, 1977. Monsanto advised her that as soon as she was medically able and wanted to, she could return to work. Ms. Howard returned to work around March 15, 1978 “as soon as [she] was able to go back to work.”
Monsanto does not contest Ms. Howard’s eligibility for unemployment benefits during the period of her voluntary layoff. Monsanto does contest, however, the appeals referee’s determination that Ms. Howard was entitled to unemployment compensation benefits during the period of her voluntary maternity leave when, based upon the evidence presented, Ms. Howard was unable to work.
An essential requirement which might be met by an unemployed individual in order to be eligible to receive unemployment compensation benefits is that of ability to work and availability for work. Section 443.-05(l)(c)l, Florida Statutes (1977). The evidence presented revealed that Ms. Howard left her employment because she was no longer able to work and that she returned to work as soon as she was able to do so. *595 Clearly, the evidence showed that Ms. Howard was not able to work during the period of her company-approved maternity leave. Therefore, she was not eligible for unemployment compensation benefits.
Robinson v. Industrial Relations Commission, 329 So.2d 401 (Fla. 4th DCA 1976), relied upon by the appeals referee, is inap-posite to the present case. Therein, the court determined that an employee, terminated due to economic conditions following an employer-approved maternity leave, had not voluntarily left her employment without good cause attributable to her employer. Accord, Fisher v. Department of Commerce, 333 So.2d 513 (Fla. 4th DCA 1976); Swavely v. Industrial Relations Commission, 345 So.2d 399 (Fla. 3d DCA 1977). In none of the aforementioned cases did the court hold that an employee was entitled to unemployment benefits during the time she was on maternity leave.
Accordingly, the Order below is REVERSED.
MILLS, Acting C. J., and LARRY G. SMITH, J., concur.