COBB, Judge.
The employee, Gladys Doyle, was notified on a Thursday afternoon that her employer, Sandra Fashions, Inc., wanted her to report for work the next day, Friday. She believed that she was entitled to a 24-hour notice under her union contract and, since she had an appointment to have her hair done, she declined to go to work on Friday.
The claims representative found that Doyle had declined to come to work on Friday due to non-compelling personal reasons and, therefore, was ineligible for unemployment compensation benefits for the week that included that Friday. On appeal, the appeals referee found that Doyle had been unavailable for work for only one day and that it was the policy of the Bureau of *1235 Unemployment Compensation that no penalty would be imposed if only one day of availability was involved. The Board of Review affirmed the referee, and the employer now brings the Board’s decision before this court via a misnomered petition for certiorari, which is treated here as an appeal filed pursuant to Rules 9.030(b)(1)(C), and 9.110(a)(2), Florida Rules of Appellate Procedure. See Fla.R.App.P. 9.040(c).
Section 443.05(l)(c), Florida Statutes, provides that an unemployed individual is eligible to receive benefits for a particular week if he is able to work and available for work during that week. With regard to being available the courts have stated that:
One seeking employment must assume the responsibility of managing his personal affairs in such a manner as will enable him to reasonably comply with the conditions of the work he seeks. If he fails to discharge this responsibility, it cannot be said that he is available for work in the usual commercial sense.
McCormick v. Henry Koerber, Inc., 252 So.2d 599, 602 (Fla. 1st DCA 1971); Andrus v. Fla. Dept. of Labor and Employment Security, 379 So.2d 468, 470 (Fla. 4th DCA 1980).
Doyle’s belief that her union contract entitled her to 24-hour notice cannot alter state law in regard to unemployment compensation; such a condition, if so applied, would give a union employee a favored status over a non-union employee. If so construed, the unemployment compensation statute would be discriminatory and probably unconstitutional. Auchter Co. v. Fla. Dept. of Commerce, 304 So.2d 487 (Fla. 1st DCA 1975), affirmed sub nom., Adams v. Auchter Co., 339 So.2d 623 (Fla.1976); Norman v. Employment Security Agency, 83 Idaho 1, 356 P.2d 913 (1960).
There does not appear to be a legal basis for the appeals referee’s rationale that Doyle was unavailable for work for only one day. Section 443.06(2), Florida Statutes provides that an individual shall be disqualified for benefits if the individual has failed without good cause to accept suitable work when offered to him. The statute make no exception for one day. In addition, the Bureau of Unemployment Compensation Manual provides that:
If at any time a worker is not available for one day only of the calendar or claim week, he may be considered available for the entire week and eligible to sign for a compensable claim. However, if an actual job is available and he could have worked on that day, he is considered unavailable for the entire week. If a claimant is not available for more than one day during a calendar or claim week, he is considered unavailable for all cases for the entire week.
It appears that the finding of fact of the claims representative that Doyle was unavailable for work due to a non-compelling personal reason is supported by competent, substantial evidence. However, the decision of the appeals referee that an employee is entitled to be unavailable for work for any reason he chooses for one day is erroneous as a matter of law.
REVERSED.
ORFINGER, J., concurs.
SHARP, J., dissents with opinion.