SHARP, Judge.
Appellant, the School Board of Volusia County, urges that the appeals referee (who was affirmed by the Unemployment Appeals Commission) erred in making two findings concerning the status of a teacher’s claim for unemployment compensation. We dismiss this appeal sua sponte because it is “moot”.
The teacher, Peromnia Grant, was employed by appellant for the 1978-79 school year. In May of 1979, she was reappointed for the next school year, but because of her pregnancy, she requested a maternity leave of absence for one year. Appellant granted her request, and she commenced her leave of absence (without pay) in May of 1979. In July of 1979, Grant filed a claim for unemployment compensation for the time period of June to July 1979.
On August 8, 1979, the claims adjudicator made three determinations: (1) that Grant was “totally unemployed” during the claims period;[1] (2) that she was not “disqualified” to receive benefits because she did not leave her employment “without good cause attributable to her employer”;[2] but (3) that she was ineligible to receive benefits during the claim period because she was “not available for work.”[3] Appellant appealed the first two determinations, and the appeals referee and commission affirmed them. No one appealed the third determination. Appellant expressed surprise at its existence, and counsel for appellant told us at oral argument he first learned of it upon reading Appellee’s Answer Brief and Appendix. Since it is not officially a part of the record in this case, but clearly should be, sua sponte we order that the August 8, 1979 Notice of Claims Determination finding Grant “not available for work” be made a part of this record.[4]
The first two determinations appealed to us are moot in view of the third determination by the claims adjudicator that Grant was not “available for work” and “not making an active search for employment.” In order to be entitled to receive benefits under Chapter 443, a person must have “registered for work at, and thereafter continue to report at the divi *72 sion” [5] and be “able to work” and “available for work.”[6] By her own admissions in the record, Grant was not able to work nor actively seeking employment during the claims period. She could not receive unemployment benefits under these circumstances [7] and the correctness or incorrectness of the first two determinations no longer matters. We do not have jurisdiction to render advisory or moot opinions under these circumstances. Board of Public Instruction v. Budget Commission of Orange County, 249 So.2d 6 (Fla.1971); State v. Board of Public Instruction of Orange County, 216 So.2d 195 (Fla.1968); 3 Fla.Jur.2d Appellate Review § 286 (1978). Accordingly this appeal is
DISMISSED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. § 443.03(12), Fla.Stat. (1979).

. § 443.06(1), Fla.Stat. (1979).

. § 443.05(1)(c)(1), Fla.Stat. (1979).

. Fla.R.App.P. 9.200(f).

. § 443.05(l)(b), Fla.Stat. (1979).

. § 443.05(l)(c)(l), Fla.Stat. (1979).

.Monsanto Company v. Fla. Dept. of Labor & Employment Security Division of Employment Security. 371 So.2d 594 (Fla. 1st DCA 1979).