508 So.2d 786 (1987)
BUNS UNLIMITED OF FLORIDA, INC., Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
No. 86-1838.
District Court of Appeal of Florida, Fifth District.
June 25, 1987.
Stanford R. Solomon, Mark J. Wolfson, and Peter M. Cardillo, of Rudnick & Wolfe, Tampa, for appellant.
*787 John D. Maher, Tallahassee, for appellee, Unemployment Appeals Com'n.
ORFINGER, Judge.
The employer appeals from a final order of the Unemployment Appeals Commission approving a decision of the appeals referee that claimant John C. Scalo, Jr. was entitled to unemployment benefits. Because we find that the Commission did not correctly apply the law to the facts in this case, section 120.68(9), Florida Statutes (1985), we reverse.
Claimant was a baker, and was shift supervisor for his employer. On August 8, 1985, the claimant was walking down some stairs, when his knee gave out. Because of the seriousness of his injury, the claimant was unable to return to work. However, the employer voluntarily continued paying his full salary. In December, 1985 the employer offered claimant a desk job so that he could familiarize himself with new procedures instituted at the bakery. Claimant refused because that would interfere with his therapy treatments. Nevertheless, the claimant continued to receive full salary, including a scheduled raise and a Christmas bonus. The claimant admitted that the employer never asked him not to work and never put him on a leave of absence.
In April of 1986, the claimant offered to return to work with certain restrictions and only on a part-time basis. Claimant's physician confirmed by letter that claimant was not ready to resume his regular duties. Upon receipt of this information, the employer terminated claimant's salary, but advised him that his job would be available whenever he could return to work full-time.
The appeals referee determined that claimant was "discharged" when the employer terminated his salary in April 1986; that the discharge was not for misconduct, nor had claimant voluntarily left his employment without good cause attributable to his employer, and that he was therefore not disqualified from receiving benefits. The referee, however, addressed the disqualification issue without first determining that the claimant met the eligibility requirements of the statute, and appellant argues here the claimant was not eligible for benefits because he was not able to or available for work.
Section 443.091 lists the conditions under which the claimant is eligible to receive benefits:
Benefit eligibility conditions. 
(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the division finds that:
* * * * * *
(c)1. He is able to work and is available for work.
§ 443.091, Fla. Stat. (1985). The Florida Administrative Code further defines the scope of able and available, as it used in this statutory provision:
Able and Available.
(1) This rule establishes criteria for determining a claimant's ability to work and availability for work and shall govern the interpretation of Section 443.05(1)(c)1., Florida Statutes [now section 443.091].
* * * * * *
(3) A claimant must be able to work and be available for work each day of a customary work week which falls within the week for which a claim is filed. A customary work week shall be deemed to be the customary work week for the industry or occupation in which the individual is seeking employment.
(a) Able to Work. A claimant must be physically and mentally able to perform the duties of his regular occupation of work which would be suitable for him.
(b) Available for Work. A claimant must be ready and willing to accept suitable employment. A claimant must maintain a continued and current attachment to the labor market without undue restrictions which would prevent him from accepting employment... .
Fla. Admin. Code Rule 38B-2.019. This court has held that an employee, if he is unable to report to work and perform his regular duties as a result of sickness or other circumstances rendering him unable to work, is not eligible to receive unemployment benefits. School Board of Volusia *788 County v. Florida Department of Labor and Employment Security, 393 So.2d 70 (Fla. 5th DCA 1981). See also Sandra Fashions, Inc. v. Doyle, 389 So.2d 1234 (Fla. 5th DCA 1980). Other district court decisions have interpreted the statute in the same manner. See Baptist Medical Center v. Stolte, 475 So.2d 959 (Fla. 1st DCA 1985), review denied, 486 So.2d 598 (Fla. 1986); Monsanto Co. v. Florida Department of Labor and Employment Security, 371 So.2d 594 (Fla. 1st DCA 1979); McCormick v. Henry Koerber, Inc., 252 So.2d 599 (Fla. 1st DCA 1971); Dickinson v. Florida Industrial Commission, 227 So.2d 251 (Fla. 2d DCA 1969). Claimant readily admitted that he was physically unable to return to full-time work because of his knee injury. Thus he had not met the statutory criteria for eligibility for benefits.
The Commission does not argue that the claimant was able and available for work. Rather the Commission contends that this issue was never before the referee or the Commission, and that it cannot be raised for the first time on appeal. Our review of the record convinces us that the issue was before the referee and the Commission.
At the hearing before the referee there was extensive testimony concerning the "able and available" issue. The referee stated:
MR. SHAUGHNESSY: ... Let the record show that although Able Available is not listed as a liable  an issue here this morning, that we'll pursue it because of the nature of the issue of what we're talking about. Go ahead.
Additionally in its notice of appeal to the Unemployment Appeals Commission, the employer specifically noted that among the issues to be raised was that claimant was not able to or available for work. This issue has been sufficiently preserved.
REVERSED.
UPCHURCH, C.J., and DAUKSCH, J., concur.